LAMBERT *et al.*, Plaintiffs in Error, v. BLUMENTHAL *et al.*, Defendants in Error.

1. Where one is in possession of land asserting an exclusive title thereto, an action for partition can not be maintained against him by one out of possession who claims a common title thereto ; the claimant must first establish his title in an action of ejectment.

*Error to St. Louis Land Court.*

This was an action for partition. Plaintiffs assert title to a portion of the premises in controversy under Lambert Sallé, dit Lajoye. Blumenthal, one of defendants, in his answer, denied the title of plaintiffs ; alleged that neither plaintiff nor his co-defendant had ever been in possession of premises in controversy ; that he had been in possession adverse to the world since the year 1847.

It appeared in evidence that the defendant Blumenthal had been in the actual possession of the premises for eight or nine years before the commencement of this suit, claiming title to the whole. Blumenthal claimed title under John B. Sarpy.

At the close of the plaintiffs' case, defendant Blumenthal asked the court to give the following instruction : " The court instructs the jury that if they find the plaintiffs and the co-defendant of Blumenthal have never been in the actual occu-

pancy of the premises in dispute, and that Blumenthal and Sarpy have had the exclusive, actual, visible possession of the premises for about fifteen years, claiming the same as their exclusive property, then the plaintiffs are not entitled to recover in this action of partition." The court refused to give this instruction.

The defendant then introduced evidence tending to show an outstanding title to the premises in the state of Missouri. The court, at the instance of defendant Blumenthal, gave the jury the following instruction : " If the jury find from the evidence that the judgment in favor of the state of Missouri, the transcript of the record of which is given in evidence by defendant, was rendered, and upon execution issued therein the interest of Lambert Lajoye in the land in question was during his lifetime sold by the sheriff of St. Louis and conveyed by deed given in evidence by defendant to the state of Missouri, and that said deed was executed as it purports to be, and that there is an outstanding title to the premises in dispute conveyed by said sheriff's deed still remaining in the state of Missouri, then the jury are instructed that the plaintiffs are not entitled to recover."

Certain instructions asked by plaintiffs were refused. Plaintiffs took a nonsuit, with leave to move to set the same aside.

*S. A. Holmes* and *Romyn*, for plaintiffs in error.

*Dick*, for defendant in error.

I. There was no title before the court. Plaintiffs never had any title ; never were in actual possession. There could be no presumption of possesssion, there being no title. Lambert Lajoye did not die seized of a valid title. The judgment and sheriff's sale conveyed all his title. Sarpy was in exclusive possession fifteen years ago. He sold it in fee in 1847 to defendant, Blumenthal, who took absolute exclusive possession, and immediately asserted openly his exclusive claim to ownership by erecting his family residence. Upon these facts there is no principle of law which constitutes plain-

tiffs and defendants tenants in common. (4 Watts & Serg. 251 ; 1 id. 184 ; 9 Cow. 561.) Unless there was a tenancy in common the action is not authorized by the statute.

SCOTT, Judge, delivered the opinion of the court.

This case presents the question whether a tenant in common and of posssession can have a writ of partition against one in possession holding adversely to him.

If this question were made to depend on the ancient English law, there would seem to be but little doubt respecting it. Coke says : " This word (tenet) in a writ doth always imply a tenant of the freehold. * * * If one coparcener disseize another, during this disseizin a writ of partition doth not lie between them, for that *non tenent insimul et pro indiviso*." (Co. Litt. 167 *a.*) Baron Comyns is to the same effect. (5 Com. Dig. 225.) Viner says, the word *tenet* in a writ always implies a tenant of the free hold, and therefore if one parcener be disseized by the other no writ of partition lies. (16 Viner, 225.) This principle has been recognized in many of the American courts. In the case of Adams v. Ames Iron Co. 24 Conn. 230, the court says, it was an established rule of the common law, by which the writ of partition would be only between coparceners, that the plaintiff must be in possession or seized of the land when the writ was brought ; and, since the remedy by partition has been extended to joint tenants and tenants in common, the same rule has been uniformly adopted, whether the remedy is sought by writ or bill in equity. In the case of Law v. Patterson, 1 Watts & Serg. 185, it was determined that an adverse holding by one tenant in common for any length of time, however short, previously to the institution of an action of partition, will bar a recovery in such form of action. The case of Clapp v. Bromagham, 9 Cowen, 560, is full on this question, and deserves the more attention because it is founded on a statute bearing a close resemblance to our own. The statute to which allusion is made is that which was in force prior to

the last revision of the New York statutes. (R. C. 1813, p. 507.) In that case it was insisted that the entry of one tenant in common was no disseizin of his cotenants. The court answered the argument with the language of the supreme court of the United States in Ricord v. Williams, 7 Wheat. 50, that in general the entry of one heir will enure to the benefit of all ; and that if the entry is made as heir and without claim of an exclusive title, it will be deemed an entry not adverse to, but in consonance with, the rights of the other heirs ; but it is clear that one heir may disseize his co-heirs and hold an adverse possession against them, as well as a stranger ; and that, notwithstanding an entry as heir, he may afterwards, by disseizin of his co-heirs, acquire an exclusive possession on which the statute will run ; that an ouster or disseizin is not to be presumed from the mere fact of sole possession, but that it may be proved by such possession, accompanied with a notorious claim of an exclusive right. The same case in New York determined that, in a proceeding for partition, the plaintiff must allege that he is seized, and show a present actual possession ; and that a mere right of entry will not satisfy the averment ; and that a subsisting adverse possession of the defendant, though short of twenty years, is a bar. (Burnhams v. Burnhams, 2 Barb. 408.)

We do not conceive that the rule above stated extends to lands unoccupied, where there is only that possession in law which is connected with the title to land. There could be no adverse possession under the circumstances, and those having the legal title would in law be seized of the land in such sense that they would be entitled to the process of partition. But where one is in the adverse possession of land, claiming it exclusively against all others, one claiming title and out of possession can not maintain a suit for partition. He must first try his right in an action of ejectment, and after that is established he may institute his proceedings for partition. The practice of making a suit in partition the form of trying an action of ejectment is frequently productive of great expense and delay ; jumbles and confuses matters that

ought to be kept separate and distinct in order to a proper determination of them; and often causes great embarrassment in the proceedings.

The provision in the seventeenth section of the act concerning partition, that where there are parties claiming the same portion adversely to each other, the court may decide upon such adverse claims, does not affect this question. This provision was intended to meet difficulties that might arise during the progress of the suit. The plaintiff might bring in persons as defendants claiming the same interest; or one may have had himself made a party under the eleventh section of the act; in such cases, in order to obtain the ends proposed by the proceeding, the determination of such questions becomes necessary.

The effect of this opinion is to end this proceeding and to put the plaintiffs to their action of ejectment. The point was not made, and no opinion is given on the question whether, under all the circumstances of the case, a deed from the state to Sallé, the ancestor, may not be presumed from the length of time. As the plaintiffs are standing on a nonsuit; as their petition does not allege that they hold jointly with the defendant; and as, according to this opinion, it is clear that they can not recover in this form of action, the judgment will be affirmed; the other judges concur.