## Hart B. Wommack, Respondent, *vs.* Benjamin T. Whitmore, *et al.*, Appellants.

1. *Conveyances—Wills—Life estate—Power of disposition—Case stated—Estate conveyed.* —It is generally true that an absolute power of disposition over property conferred by will, and not controlled by any provision or limitation, amounts to an absolute gift of the property; but where a life estate only is expressly given, the rule is otherwise. (Rubey vs. Burnett, 12 Mo., 1; Gregory vs. Cowgill, 19 Mo., 415.) A deed conveyed property to a trustee for the special use and benefit of the grantor's wife and her children, and the *habendum* clause expressed the conveyance to be for the special use and benefit of the wife during her natural life, or her widowhood, and after her death, for the special use of her children. The deed also gave the trustee power, at the special instance and request of the wife, to sell or dispose of all of said property and apply the proceeds to the special use of the wife and children, "but specially limited to her natural life and widowhood," as aforesaid: *Held,* that the interest of the wife was limited to the use and benefit of the property during her natural life and widowhood, and that the children were invested with a title to the remainder by operation of the conveyance and not as the representatives of the wife.

2. *Partition—Action of, cannot be maintained against one in exclusive possession—Such exclusive possession must amount to actual ouster.*—An action in partition, cannot be maintained by one out of possession against one who is in actual exclusive possession of the land, asserting an exclusive title thereto. But in such cases, disseizin or an adverse possession, amounting to an actual ouster, must be shown in order to destroy the right to such action; and where it appeared that the ancestor from whom both parties derived title had a life estate in the land, and was entitled to its possession to the time of her death, and had granted to a tenant a lease of the land, which was unexpired at the time of her death, and, that after her death the defendant, as her administrator, collected the rents, and paid the taxes; and that defendant never recognized plaintiff as having any claim on the land, and that during three months which elapsed between the death of the ancestor and the bringing of the suit in partition, plaintiff never applied for or received any part of the rent: *Held,* that these facts did not constitute such an adverse holding as to amount to an ouster.

3. *Judgments—Persons not parties to record not affected.*—The interests of persons not parties to the record, cannot be affected by the judgment in the case.

4. *Descents and distributions—Life estate—Parent and child.*—Where a conveyance created a life estate in the grantor's wife, with a remainder to her children, such remainder becomes vested; and where one of the children married and died, leaving a husband and child living, and the child afterwards died, the husband, who survived, would, at the death of the tenant for life, as heir of his child, take the share his wife would have had in the property conveyed.

*Appeal from St. Charles Circuit Court.*

*Lackland and Broadhead,* for Appellants.

I. The defendants deny co-tenancy with plaintiff, and set up adverse possession. The defendants were in the actual adverse possession of the premises sought to be divided, and plaintiff must resort to ejectment first to try his title. In order to maintain the action of partition, the plaintiff must be in the active or constructive possession of the premises sought to be divided. The unity of possession among tenants in common is destroyed by a disseizin or actual adverse possession. There can be no constructive possession of one, where there is an actual adverse possession of another. (Lambert vs. Blumenthal, 26 Mo., 471; Rozier vs. Johnston, 35 Mo. 326.)

The evidence shows, as a matter of law, that the defendants were in the adverse possession of these premises. (Warfield vs. Lindell, 30 Mo., 272; Ang. on Lim., 5 Ed., pp. 429–432, etc.)

II. There can be but three constructions put upon the deed to Gardner, the trustee, viz:

1. That the wife of grantor, Sarah Ann Whitmore, and her children then living (of which plaintiff's wife, Tillie E. was one) took a present vested interest as tenant's share and share alike. 2. That grantor's wife, Sarah Ann Whitmore, took a life estate only, and her children then living, took a present vested remainder: Or, 3. that the wife Sarah Ann took the absolute equitable title (the legal title being in the trustee), and her children took nothing until after her death.

One of the two first constructions must be adopted in order to sustain the plaintiff's claim. If the last construction is the true one, then plaintiff has no title whatever in this land, and the judgment of the lower court is altogether erroneous.

1. It is manifest that it was not the intention of the grantor that his wife and children should take as tenants in common, share and share alike, because the conveyance was to the trus-

tee for the benefit of "my wife Sarah Ann and her children now living, or hereafter born or to be born." And the wife and her trustee were invested with discretionary power to sell or dispose of any property in the deed. This power of disposition is inconsistent with a tenancy in common with the children. 2. For the same reason it cannot be maintained that the deed conveyed a life estate only to the wife, Sarah Ann, and a present vested remainder to the children. The power of disposing of the fee is inconsistent with a mere life estate, and could not exist, if the children held the remainder. The person who takes a vested remainder must be *in esse*. 3. The most reasonable and just construction of the deed, however, is, that the trustee is a married woman's trustee, that the wife took the equitable title, with the absolute power of disposition, and that the children took nothing until her death. The legal title was in the trustee, who was to collect and pay over the proceeds to the wife during her life, and after her death (and not until after her death) the property or whatever was left of it, vested in the children and the trust became executed. (English vs. Beehle, 32 Mo., 186; McDowell vs. Brown, 21 Mo., 57; Hazel vs. Hagan, 47 Mo., 277; Green vs. Sutton, 50 Mo., 186; Major vs. Lisle, 51 Mo., 227; Turner vs. Timberlake, 53 Mo., 371; Emison vs. Whittelsey, 55 Mo., 254, 258.)

*A. H. Buckner*, for Respondent.

I. The action in partition was maintainable. There was no ouster, or pretense of an ouster. The evidence shows that the tenant for life died Nov. 1871, the property having been leased by the tenant for life for some years, and that the lease did not expire until the year after, when this suit was commenced (February, 1872). The plaintiff had no right of action until after the death of Mrs. Whitmore, and this suit was commenced within six months after her death, and the only evidence of an ouster is that the defendants did not regard the plaintiff as having any interest in the real estate, and appropriated to themselves the rents and profits. There is no

pretense of ouster or holding adversely, and the action was well brought. (Lambert vs. Blumenthal, 26 Mo., 471; Rozier vs. Johnston, 36 Mo., 326.)

II. The deed to Gardiner, the trustee, conveyed a present vested interest to his wife and children, with a life estate in the wife during her widowhood, and the remainder to his children in fee.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the St. Charles Circuit Court on the 8th day of February, 1872, for the partition of certain real estate situate in St. Charles county, in the petition described. It is charged by the petition that one Benj. F. Whitmore, late of said county, on the 22nd day of December, 1863, was seized and possessed in fee, of certain real estate in said county; that by his deed of that date, he conveyed to the defendant, Ignatius Gardiner, all of certain lands which are described in the petition, the same being a tract of land consisting of several hundred acres together with two lots (102 and 104 in block 10) in St. Charles commons, the same being all of the land owned by the grantor in said county at the date of said deed; that said lands were conveyed to the defendant, Gardiner, for the special use and benefit of the grantor's wife, Sarah Ann Whitmore, and her children, then living, or thereafter to be born. The said Sarah Ann was to have the use and enjoyment of the same during her natural life, or if the grantor should die, the said Sarah Ann surviving him, the said Sarah Ann should only have the use of said lands during her widowhood. The petition further alleged that the said Benjamin F. Whitmore departed this life in the year 186–, his said wife surviving, and that the said Sarah Ann departed this life in the year 1871; that at the time of the execution and delivery of said deed to said Gardiner, there had been born to said Sarah Ann and said Benjamin F. Whitmore, and were then living, the following children, to-wit: Benjamin T. Whitmore, Tillie E. Whitmore, Mary E. Whitmore, since intermarried with the defendant, Dominic

Fletcher, and Missouri Whitmore, who is a minor under the age of eighteen years; that the plaintiff and said Tillie E. were married in the month of September, 1866, and that she departed this life in May, 1868, leaving an only child, Mary Ida Wommack, who survived her mother until the 26th day of February, 1869, at which time she died.

The petition then charges, that by virtue of the marriage of the plaintiff with said Tillie E., the birth of her child, Mary Ida, the death of the said Tillie E., and the subsequent death of the child, Mary Ida, the plaintiff became and is entitled to the interest of the said Tillie E. in said real estate at the time of the execution of said deed before set forth, the same being one undivided fourth part of said lands, and that the defendants, Benjamin T. Whitmore, Mary E. Fletcher, and Missouri Whitmore are each entitled to one undivided fourth part thereof. Partition is prayed in conformity to the rights of the parties, etc.

The parties defendant were served with process, after which a guardian *ad litem* was appointed for the infant defendant.

The defendants answered, denying that the said Benj. F. Whitmore executed a deed to defendant, Gardiner, conveying to him said lands for the uses and upon the trust named in the petition, but averring that by the terms of the deed the lands were conveyed to said Sarah Ann, absolutely, in fee simple, and that her children received no present interest in the same; that both the wife and child of the plaintiff died before the death of the said Sarah Ann, and therefore no interest in the lands ever vested in the plaintiff; that defendant, Gardiner, had no interest in the land, he having conveyed the said lands to said Sarah Ann, in her life-time, by virtue of the powers in the deed to him, by said Benj. F. Whitmore

The defendants further stated in their answer, that they were, at the commencement of the suit, in the actual possession of the lands named in the petition, holding the same adversely to the plaintiff, and not acknowledging any right in the plaintiff to any part of the premises, wherefore plaintiff had no right to partition, etc.

A replication was filed, putting in issue the affirmative facts stated in the answer.

The case was tried by the court, a jury having been waived by the parties. No question is made in the pleadings, and none was made on the trial, nor is any question made in this court, as to the date of the execution and delivery of the deed from Benj. F. Whitmore to Ignatius Gardiner, nor as to the number and names of the children of Sarah Ann Whitmore, nor as to the time of the marriage of the children, nor of the death of the said Sarah Ann and her daughter, Tillie, nor as to the birth and death of Tillie's child—all of these facts are conceded to be truly stated in the petition. The plaintiff, on the trial, read in evidence the deed from Benj. F. Whitmore to Ignatius Gardiner. This deed conveys the land named in the petition to Gardiner; the substantial parts of the deed being as follows. After acknowledging the consideration of one dollar the deed proceeds: "Hath granted, bargained and sold to the party of the second part, for the special use and benefit of my wife, Sarah Ann, and her children now living or hereafter born, or to be born, the following described real and personal property." (Here follows a description of the lands named in the petition with a large quantity of personal property.) The deed then proceeds: "To have and to hold the above described property to him, the party of the second part, for the special use and benefit of the said Sarah Ann, during her natural life (and in the event of the death of the grantor) so long as the said Sarah Ann shall remain my widow, and after her death, for the special use and benefit of my children now living, or hereafter to be born, and the said party of the second part, at the special instance and request of the said Sarah Ann, may sell or dispose of any or all of the above mentioned property for the use aforesaid, and apply the proceeds thereof for the special use and benefit of the said Sarah Ann and her children; but specially limited to her natural life and widowhood as above specified, the use and benefit of the property aforesaid. To have and to hold the above described

real and personal estate to him, the party of the second part, his heirs and assigns forever, for the special use and benefit of the said Sarah Ann and her children. In testimony," etc.

The plaintiff offered no further evidence. The defendants then read in evidence a deed executed by Ignatius Gardiner to Sarah Ann Whitmore for the lands in controversy, dated the 22nd day of December, 1866. This deed recites the previous deed made by Benj. F. Whitmore to Gardiner, after which, the deed proceeds as follows: " Now, therefore, know all men by these presents, that I, the said Ignatius Gardiner, do, by these presents, at the special instance and request of the said Sarah Ann Whitmore, and for and in consideration of the sum of one dollar to me, in hand, paid by the said Sarah Ann, and for and in consideration of divers other goods and sufficient reasons, grant, bargain and sell, transfer and convey unto the said Sarah Ann Whitmore, all of the above described real and personal property, and all authority, control, possession, right, title and interest in, to and over said property which I might, could or may have or exercise by virtue of the aforementioned deed. To have and to hold, etc."

The bill of exceptions states that the defendant also read a deed in evidence from Mrs. Sarah Ann Whitmore and Ignatius Gardiner, trustee, to Ludwig Schack dated the —— day of —— conveying to said Schack, lot No. 104, block 10 of the St. Charles common, which it is stated was introduced to show that neither plaintiff or defendants were in possession of said lot. This last named deed does not appear in the record, and no further reference is made to its provisions.

The defendant then introduced evidence tending to prove that Schack had been in possession of lot 104, for four or five years, and that neither plaintiff or defendants had been in possession of said lot for or during said time; that the other portions of the land had been leased by Mrs. Sarah Ann Whitmore during her life-time, and that the defendant, Benj. F. Whitmore, her administrator, had been receiving the rents for the land since his mother's death; that the plaintiff had

never received any of the rent nor applied for any, and had not been recognized by the administrator or the other children of Mrs. Whitmore as a part owner of the land; that, in fact, nothing had been said by, or between plaintiff and defendants in reference to the land or its possession since the death of Mrs. Whitmore; that a conversation had once taken place between Benj. F. Whitmore and plaintiff before the death of Mrs. Whitmore, in which Benj. Whitmore had told plaintiff that people told him that plaintiff had an interest in the land in question, and that plaintiff replied that if he had, he did not know it, or words to that effect.

The court, after hearing the evidence, rendered a judgment, declaring the rights of the parties in the land to be as claimed in the petition, and appointed three commissioners to partition the same. The commissioners afterwards reported that the lands could not be partitioned in kind, without great damage to the parties in interest, after which the court made an order directing the sale of the land and a partition of the proceeds in conformity to the statute on that subject.

The defendants then, in due time, filed a motion for a rehearing or new trial setting forth the usual grounds for such motions. This motion being heard and overruled by the court, the defendants appealed to this court.

The first ground of objection urged by the defendants in this court to the judgment rendered by the Circuit Court is, that the plaintiff had failed to show any title or interest in himself to the land in controversy; that the deed read in evidence from Benj. F. Whitmore to Ignatius Gardiner, had the effect to convey to, or vest in, the said Sarah Ann Whitmore, the whole title of the land in controversy; that the deed conveyed the use of the land to her with the power of disposition, which had the effect to vest in her the entire estate, and that as Tillie E., who was her daughter, and the child of Tillie E. both died before Sarah Ann, the mother of Tillie, no title or interest in the land ever vested in either plaintiff or his wife.

It is generally true, at least in the construction of wills, that an absolute power of disposition over property conferred by will, and not controlled by any provision or limitation, amounts to an absolute gift of the property ; but where a life estate only is expressly given, the rule is otherwise. (Rubey vs. Barnett, 12 Mo., 1 ; Gregory vs. Cowgill, 19 Mo., 415, and cases cited.) The deed relied on by the plaintiff in this case conveys the property for the special use and benefit of the grantor's wife and her children, and then in the *habendum* clause, to render the intention more certain, he says, that the land is conveyed to the party of the second part to hold " for the special use and benefit of the said Sarah Ann, during her natural life (and in the event of the death of the grantor) so long as the said Sarah Ann shall remain my widow, and after her death for the special use and benefit of my children now living, or hereafter to be born ;" and the power to sell is also limited to the same uses. Although the different clauses of the deed are a little confused, the grantor sometimes calling the children to whom the remainder is given his wife's children, and in other clauses describing them as his children, the object of the conveyance is plain, and the interest of the wife limited to the use and benefits of the property for her natural life or widowhood, the children being invested with a title to the remainder by operation of the conveyance, and not as the representatives of the wife. The court, therefore, properly held that by virtue of the deed the daughter, Tillie, took an interest in the land which descended to her child, and by virtue of our statute, upon the death of the child, the interest of the mother in the land passed to and vested in the plaintiff. It is next insisted by the defendants, that at and before the commencement of the suit, the plaintiff had no possession of the land either constructive or implied ; but that the possession was in the defendants and others who held adversely to the plaintiff, and that the plaintiff had no right to bring a suit for partition of the land, until he had first settled his right to an interest therein by an action of ejectment.

It has been repeatedly held by this court, that where one is in the exclusive possession of land, asserting an exclusive title thereto, an action for partition cannot be maintained against him by one out of possession who claims a common title thereto. (Lambert vs. Blumenthal, 26 Mo., 471; Rozier vs. Griffith, 31 Mo., 171; Phillips & Shaw vs. Gregoire, 41 Mo., 407.)

But in such cases the disseizin or an adverse possession amounting to an actual ouster must be shown, in order to prevent the right to an action for partition. (Shaw vs. Gregoire, 41 Mo., 407; Rozier vs. Johnson, 35 Mo., 326.)

It is not easy in all cases to determine what acts of one joint tenant are sufficient to constitute such an adverse possession as will amount to an ouster of his co-tenant. In the present case, Mrs. Sarah Ann Whitmore had a life estate in the use of the land in controversy, and had a right to the possession thereof, until her death. She had leased the land before her death, the term of the tenant not having expired at her death. She died in the month of November, 1871, and this suit was brought in the month of February, 1872. After the death of the said Sarah Ann, her son, the defendant, Benj. F. Whitmore administered on her estate, collected the rent for the land and paid her debts therewith, and applied portions thereof to the support of the infant daughter. The said administrator states that he never recognized the right of the plaintiff to any part of the land, and that plaintiff, during these three months that elapsed between the death of Mrs. Whitmore and the bringing of the suit had not applied for or received any part of the rent. We do not think that these facts constituted such an adverse holding as will, in law, amount to an ouster. It is not shown that the holding was notoriously adverse, or that the plaintiff was ever notified in any way that the holding was adverse or hostile to his rights or claim to an interest in the land. We give no consequence to the conversation had between Benj. F. Whitmore and the plaintiff, previous to the death of Mrs. Whitmore. The evidence is conflicting as to the purport of

the conversation, and it was for the court to find the truth in reference to that matter. It is, however insisted, that as to lot 104, block 10, of the land in controversy, the deed made to that lot by Mrs. Whitmore and the trustee, to one Schack, clearly made out an adverse holding as to that lot, and that it was error in the court to include said lot in the partition. It is only necessary to say in reference to that deed, that the deed is not copied into the record, so that we can see its language or legal effect. It may be that the deed and the possession of Schack thereunder are perfectly consistent with the rights claimed by the plaintiff in the land in controversy. The deed may, for all that appears in the record, only convey and purport to convey to Schack the life estate of Mrs. Whitmore, in which case the possession of Schack under the deed would be consistent with the title claimed by the plaintiff. We are not authorized to assume that the court improperly decided this question. And moreover, in this case, the land is all ordered to be sold and the proceeds divided amongst the parties. Schack not being a party to the record, his interest cannot be affected by the judgment of the court and we cannot see how the rights of the defendants could be injuriously affected. (Forder vs. Davis, 38 Mo., 107.)

We see no error in the record in this case that would authorize a reversal of the judgment. The judgment is therefore affirmed; the other judges concur.