Hutson v. Hutson.

HUTSON et al., Appellants, v. HUTSON et al.

Division Two, May 25, 1897.

139    229
140    650
139    229
146    293
139    229
157    353
157    356
157    421
139    229
168    ¹410

1. **Partition**: ADVERSE POSSESSION. Where defendants are in the exclusive adverse possession of the land at the time the suit is begun, for however short a time, no suit in partition can be maintained, although plaintiffs claim as cotenants of defendants. If there has been an actual ouster, resort must first be had to an action in ejectment to recover possession before plaintiffs can sue in partition.

2. ———: OUSTER. But in such cases disseizin, or an adverse possession amounting to an actual ouster, must be shown. In this case the evidence is reviewed and facts constituting such adverse possession as amounted to actual ouster *held* found to exist.

3. ———: PRACTICE: SURPLUSAGE IN THE JUDGMENT. Where the trial court in a partition suit found that the defendants had been in exclusive adverse possession for more than ten years, the judgment as to such finding will be reversed because unnecessary to a decision of the suit, the only question being as to the adverse holding of defendants at the time suit was begun.

*Appeal from Platte Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

AFFIRMED IN PART; REVERSED IN PART.

*C. A. Mosman, G. Edmunds, Solomon & Bland* and *Tufts & Crowell* for appellants.

(1) One of the questions presented to this court for its decision by this appeal is, will the bare claim of adverse possession by an heir in a suit for the partition of the lands which have descended to all, bar the plaintiffs of their right to such partition and drive them

to an action of ejectment to establish their title? *Wommack v. Whitmore*, 58 Mo. 457; *Shaw v. Gregoire*, 41 Mo. 410; *Haeussler v. Mo. Iron Co.*, 110 Mo. 192; *Colvin v. Hauenstein*, 110 Mo. 582; Freeman on Cotenancy, sec. 502. Each of the foregoing cases was a partition proceeding. In each the possession, which it was claimed was adverse, had lasted for years. (2) In partition, an assertion by defendant that the title of the land is in him, and that he is not a cotenant with complainants, does not deprive the court of jurisdiction to try the action. *Claughton v. Claughton*, 12 S. Rep. 340; *Gore v. Dickinson*, 11 S. Rep. 743. (3) In a partition proceeding adverse possession, where established by proof, is a complete defense, for it shows that plaintiffs have no title and therefore no right to partition. *Whitehead v. Shattuck*, 138 U. S. 152; *Parker v. Kane*, 22 How. 17; *Paris v. Haley*, 61 Mo. 453. (4) The second question then is, can a tenant in common, who assumes the position of agent for his cotenants, and agrees to hold possession for them, assert that his possession is adverse to his principals when sued by them for a partition of the lands? We contend that he can not. *Howey v. Goings*, 13 Ill. 95; *Hudson v. Putney*, 14 W. Va. 561; *Lucas v. King*, 2 Stock. 277; *Holloway v. Holloway*, 97 Mo. 642, 643. (5) The law presumes that "an entry and possession by one tenant in common is not adverse to the cotenant, but that the possession is in support of the common title." *Rodney v. McLaughlin*, 97 Mo. 431; *Snell v. Harrison*, 104 Mo. 151; *Williams v. Deriar*, 31 Mo. 16; *Loring v. Harmon*, 84 Mo. 123. (6) The subsequent possession of Edmund P. Huston was perfectly consistent with his entry. The evidence will be searched in vain for any assertion of title in himself adverse to these plaintiffs. *Railroad v. Miller*, 115 Mo. 163; *Watson v. Union Co.*, 50 Mo. App. 635. (7) Where the party in possession

has by the acceptance of deeds or other acts recognized
the common title, he can not assert that he holds ad-
versely.   *Tomlinson v. Lynch*, 32 Mo. 169; *Walbrunn
v. Ballen*, 68 Mo. 168.   (8) "If the possession in its
inception was friendly, then it could not be converted
into one of hostility by a mere mental intention. Some
notice or act indicative of an intent to disseize is neces-
sary.   *Spencer v. O'Neill*, 100 Mo. 49; *Campbell v. Gas
Co.*, 84 Mo. 352; *Comstock v. Eastwood*, 108 Mo. 48;
*Combs v. Goldsworthy*, 109 Mo. 160; *Budd v. Collins*,
69 Mo. 137 to 140; *Wilkerson v. Thompson*, 82 Mo. 317;
*Estes v. Long*, 71 Mo. 609; *Hamilton v. Boggess*, 63 Mo.
249.   (9) But it is claimed that defendants have shown :
*First*, repudiation of the tenancy by Edmund P. Hut-
son; *second*, a distinct assertion of title in himself. We
deny this.   "Nothing short of an open and explicit
disavowal and disclaimer of a holding under that title,
and assertion of title in himself, brought home to the
owner, will satisfy the law." 71 Mo. 609; *Gordon v.
Eans*, 97 Mo. 603; *Musick v. Barney*, 49 Mo. 463.
(10) We contend that this is a suit in equity brought
not only for a partition of the land, but for an account-
ing between tenants in common.   Defendants had a
right to have credit for the improvements made by E.
P. Hutson, and plaintiffs had a right to have him ac-
count for the rents and profits he had received.   As a
proceeding for an accounting, equity has jurisdiction.
As a proceeding for partition, equity has jurisdiction.
*Holloway v. Holloway*, 97 Mo. 628; *Howey v. Goings*,
13 Ill. 95; *Thompson v. Holden*, 117 Mo. 126; *Benoist
v. Thomas*, 121 Mo. 664; *Overton v. Woolfolk*, 6 Dana,
374.   (11) It seems to be well established that a court
of equity will not turn a party out of court to pursue
his remedy at law when complete justice can be done
by the court of equity, and this though in its progress
the court may decree on a matter cognizable at law.

*Paris v. Haley*, 61 Mo. 453; *Real Estate Ind. v. Collonious*, 63 Mo. 295.

*James W. Boyd, J. W. Coburn,* and *A. D. Burnes* for respondents.

(1) The finding of the court is sustained by the evidence, and hence the judgment should be affirmed. *Warfield v. Lindell,* 30 Mo. 272; *Warfield v. Lindell,* 38 Mo. 561. (2) It is not necessary that actual notice of an adverse holding and disseizin be brought home to the cotenant; it is sufficient if the acts are overt and notorious, and then, if the cotenants are ignorant of their rights or neglect them, they must suffer the sequences. *Lapeyre v. Paul,* 47 Mo. 591. A continuous holding, and making valuable and lasting improvements on the land, paying taxes, and all the usual acts of ownership will give one cotenant a title by limitation as against his other cotenants. *Peck v. Lockridge,* 97 Mo. 561. (3) Even if the evidence was conflicting as to such ouster and adverse possession, the finding of facts by the court will be taken as conclusive by this court. *Sone v. Williams,* 32 S. W. Rep. 1016; *Lankford v. Gebhard,* 32 S. W. Rep. 1127; *Hall v. Schoenecke,* 128 Mo. 666; *Gumm v. Hubbard,* 97 Mo. 319. (4) The appellants insisted on the court trying the question of title, and the title has been by the trial court properly and legally adjudged to be in respondents. There is no error in this finding of the court, and hence the appellants have no interest in said lands, and of course they have nothing to partition. (5) An adverse possession, even for a shorter period than ten years, will defeat a partition suit. Freeman on Cotenancy and Partition, p. 545, sec. 447; Tyler on Ejectment, 740; 17 Am. and Eng. Ency. Law, 695 and note

6; *Lambert v. Blumenthal*, 26 Mo. 471; *Rozier v. Johnson*, 35 Mo. 326; *Hill v. Martin*, 28 Mo. 80; *Rozier v. Griffith*, 31 Mo. 174; *Forder v. Davis*, 38 Mo. 107; *Shaw v. Gregoire*, 41 Mo. 407; *Gott v. Powell*, 41 Mo. 419; *Gravier v. Ivory*, 34 Mo. 522; *Wommack v. Whitmore*, 58 Mo. 457; *Colvin v. Hauenstein*, 110 Mo. 582; *Haeussler v. Mo. Iron Co.*, 110 Mo. 188. (6) If this action is equitable in any respect it is so merely because appellants have asked an accounting for the rents and the timber. There is no equitable title involved, and unless some equitable title is involved, the action is not equitable in the sense claimed by appellants. *Holloway v. Holloway*, 97 Mo. 628; *Dameron v. Jameson*, 71 Mo. 97; *Reed v. Robertson*, 45 Mo. 580; Freeman on Partition [1 Ed.], sec. 439, p. 534. (7) It is always difficult in cases of this character to determine what facts amount to an ouster. Yet in this case it appears that the exclusiveness of the possession of the defendant was open and notorious, and therefore it can not be held that the circuit court erred in declaring that the possession of the defendant amounted to an ouster. *Warfield v. Lindell*, 38 Mo. 579; *Rozier v. Johnson*, 35 Mo. 333. (8) The appellants are in no position to even discuss the question of rents and profits, because there is no allegation in the petition that appellants were denied the joint occupancy of the land, and their whole claim is based on the theory that they were not ousted. *Lilly v. Menke*, 126 Mo. 190. (9) A party in possession of land may fortify his right thereto by acquiring any outstanding interest therein, without thereby weakening the force or effect of his possession. A direct purchase of any ostensible title by one in possession has no such force as an admission. *Mather v. Walsh*, 107 Mo. 121; *Macklot v. Dubreuil*, 9 Mo. 477.

BURGESS, J.—This is an action for the partition among the parties to this suit of a large body of land in Platte county, and for an accounting by defendants Johanna Hutson, the widow of Edmund P. Hutson, deceased, S. H. Branaman, his executor, and the other defendants as the children and only heirs at law of said Edmund P. Hutson.

The plaintiffs and Edmund P. Hutson were originally cotenants, having inherited the land in question from George R. Hutson and Isaac P. Hutson, deceased, who were brothers of said Edmund P. Hutson. Edmund P. Hutson died testate in 1892, and the defendant Branaman was duly qualified as his executor.

The petition alleges that Edmund P. Hutson in his lifetime took possession of said lands as cotenant with the other brothers and sisters of said Isaac P. and George R. Hutson; and also as their agent collected the rents and cut and sold timber off the land.

Defendants in their answers deny the cotenancy, and allege that they and Edmund P. Hutson, from whom they derive title, were in the actual, open, notorious, exclusive, and adverse possession of all the land for more than twenty years before the commencement of this suit.

The court found that defendants and Edmund P. Hutson, under whom they claim, had been in the actual, open, notorious, and exclusive possession of the land in question, holding the same adversely as to plaintiffs and all other persons for more than ten years before the commencement of this suit; dismissed the petition and rendered judgment against the plaintiffs for costs. Plaintiffs appeal.

Up to the last day of December, 1866, Edmund P. Hutson, the plaintiffs, and those under whom they claim title, were cotenants in the land involved in this litigation, and about that time several of them executed

to him their respective powers of attorney impowering him to look after their general interests in the State of Missouri and to sell and dispose of all their real estate in this State. The evidence is quite conclusive that when Edmund P. Hutson first took possession of the land he did so for the benefit of his cotenants, as well as for himself. He sold timber from the land amounting to $10,000, and in 1867 sent word to his brothers then in the west, as he believed they were not in need of the money he would invest it in government bonds. There was also evidence showing that Edmund P. Hutson acquired by deeds the interests of several persons in the land, one of the deeds being dated as late as May 2, 1885; and that during the years of 1883 or 1884, he stated that one of the plaintiffs, David W. Hutson, had an interest in the land.

Plaintiffs are, and for many years have been, nonresidents of this State, some of them residing in the State of California, some in Nevada, and others in the State of Kansas.

These facts made out a *prima facie* case in favor of plaintiffs, and entitled them to partition of the land, unless the evidence showed an ouster by defendants, or Edmund P. Hutson under whom they claim before, and an adverse holding at the time of the beginning of this action.

If, therefore, defendants were at the time of the institution of this suit in the exclusive adverse possession of the land, claiming the same as their own, and there had been an ouster before that time, then plaintiffs, although claiming as cotenants, can not maintain this action and must resort to their action of ejectment in order to settle the question of title, before they can do so. *Lambert v. Blumenthal*, 26 Mo. 471; *Rozier v. Griffith*, 31 Mo. 171; *Shaw v. Gregoire*, 41 Mo. 407; *Wommack v. Whitmore et al.*, 58 Mo. 448.

"But in such cases the disseizin, or an adverse possession amounting to an actual ouster must be shown, in order to prevent the right to an action of partition." *Wommack v. Whitmore, supra; Shaw v. Gregoire, supra; Rozier v. Johnson,* 35 Mo. 326. It is not necessary, however, that such adverse possession should have been continued for the statutory period of ten years in order to be a bar to the action, but it is sufficient if there be an ouster before, and an adverse holding at the time of the suit.

The question then is, were the acts of ownership, exercised by Edmund P. Hutson with respect to the land, of that open, visible, and notorious character of exclusive ownership and actual ouster of themselves, of such a nature as to rebut and overcome the legal presumption of a tenancy in common, arising from the relation of the parties, and of which the law will presume that plaintiffs and those under whom they claim had notice.

Edmund P. Hutson was in the actual, exclusive and undisturbed possession of all the land, taking the entire profits, and paying the taxes thereon for over twenty years. Up to and during the year 1867, he had sold from the land $10,000 worth of timber, to the knowledge of at least one of the plaintiffs and the father of some of the others, yet there was no evidence of any claim of possession by any of them, or for an accounting for the rents and profits.

He erected a valuable residence and other buildings, and made improvements without protest or objection. "These acts were overt and notorious, and they were unquestionably of such a character as to impart information and give notice to the cotenants that their rights in the premises were invaded and denied, and that a possession was claimed and a use made of the property which was utterly inconsistent with the pre-

sumption that the defendant's possession was their possession also, and consequently that the unity of possession was dissolved. Upon such evidence as this we think a jury might well be warranted in finding that there had been an actual ouster." *Warfield v. Lindell*, 38 Mo. 562; *Warfield v. Lindell*, 30 Mo. 272; *Lapeyre v. Paul et al.*, 47 Mo. 586.

Moreover, before the death of Edmund P. Hutson in January, 1892, he made a will by which he devised the land to his wife and children, defendants herein.

The evidence adduced on the part of defendants fully justified the finding that there was an ouster of plaintiffs by Edmund P. Hutson and that defendants were at the time of the institution of this suit holding under him as his heirs and legal representatives, and adversely to the plaintiff, even though defendant at some time during his occupancy may have held the interest of some of the plaintiffs as their agent, and as tenant in common with all of them.

There was, therefore, no error committed in dismissing plaintiffs' petition, and the judgment in that respect is affirmed, but the finding and judgment of the court to the effect that defendants and Edmund P. Hutson, under whom they claim, had been in the adverse possession of the land for more than ten years before the commencement of this suit will be reversed because unnecessary to a decision of the suit, the only question being as to the adverse holding of defendants at the time of its institution.

GANTT, P. J., and SHERWOOD, J., concur.