ADAMS *et al.*, *Plaintiffs in Error*, v. BURNS.

1. **Resulting Trust:** EVIDENCE NECESSARY TO ESTABLISH. There should be no room for a reasonable doubt as to the facts relied upon to establish a resulting trust. A mere preponderance of evidence is not sufficient.

2. ———:———: CASE ADJUDGED. The evidence in this case examined, and *held* that it was not sufficient to establish a resulting trust in favor of plaintiffs.

*Error to Saline Circuit Court.*—HON. J. P. STROTHER, Judge.

AFFIRMED.

*Yerby & Vance* for plaintiffs in error.

*Boyd & Sebree* for defendant in error.

In order to declare a resulting trust, the evidence must be free from doubt, and satisfy the mind of the

chancellor clearly, that the circumstances of the pur-
chase of the property constituted such trust. *Johnson
v. Quarles,* 46 Mo. 423; *Ringo v. Richardson,* 53 Mo.
385; *Worley v. Dryden,* 57 Mo. 231; *Gillespie v. Stone,*
70 Mo. 505; *Forrester v. Moore,* 77 Mo. 651, 662.

BLACK, J.—Some of the plaintiffs are the brothers
and sisters, and others are the heirs of deceased brothers
and sisters of John King. The substantial allegations
of the petition are: That John King owned the eighty
acres of land in suit; that prior to 1860, he was indebted
to John W. Bryant in the sum of four hundred dollars;
that he conveyed the land to Bryant by a deed which
was unconditional on its face, but in fact made to secure
the said debt; that in 1861, John King rented the land
to the defendant, for four years, and the defendant
agreed to pay the rent to Bryant in discharge of the
debt owing by King to Bryant, and defendant went into
possession of the land as such tenant.; that defendant
paid the rents to Bryant and took a deed to himself.
King is dead, and the claim is that there is a resulting
trust in favor of the plaintiffs; and the prayer is, that
defendant be divested of the title.

The evidence shows that Bryant loaned King one
hundred dollars, and perhaps something in addition, in
1855, to be used in entering the land, it would seem.
King failed to pay the debt, and in 1858 conveyed the
land to Bryant, who sold it to Burns in November, 1862,
for $612.10. In April, 1866, Bryant made a deed to
Burns, pursuant to a title bond made at the date of the
sale. The defendant Burns was the step-father of King,
and leased the land from King for the years 1860 and
1861, but did not move on the land until after the death
of King. King died in March, 1862.

The evidence offered to establish the trust is as
follows:

John W. Bryant: "King was not able to pay me
and he made me a deed. I told him, if he paid me the

money, he could have the land. He did not come and I sold to Burns. The deed was not intended to be a mortgage. I sold the land to Burns without reference to the debt of King. Don't know whether Burns knew the fact about the King debt to me or not."

Wilburn Zans : "I was called on by King and Burns to witness a contract. King said he had leased the land to Burns for four years from 1861, and that for the rent Burns was to pay the Bryant debt, about four hundred dollars. Both men told me that in the latter part of 1860. Burns then had the land under contract, which expired in 1861."

Mrs. Zans : "Burns told me he and my brother John King were going to make a contract by which Burns was to pay the Bryant debt for four years rent. I cannot state the contract; was not called upon to witness it; my husband was present."

Wm. Aken : "I think I heard Burns say, that when he first went on the land he leased it from King, that he found out King did not own it and he bought it of Bryant."

There is some other evidence, but it is not of any value on the real question in this case. The trust in this case, if any there is, arises out of a contract between King and Burns, by which the latter agreed to pay off the Bryant debt for the use of the land for four years ; and the question is whether such a contract has been sufficiently established. These resulting trusts must not be declared upon doubtful evidence, or even upon a mere preponderance of evidence. There should be no room for a reasonable doubt as to the facts relied upon to establish the trust. This is the rule declared in the case of *Johnson v. Quarles*, 46 Mo. 424, and it has been again and again approved in subsequent cases.

That the deed from King to Bryant might have been declared a mortgage, by timely proceedings, may be taken as established. The evidence of Zans as to the terms of the alleged contract between King and Burns

---

finds some support in the fact that Burns was then the tenant of King. He says, too, that he was called upon to witness the contract. On the other hand, Zans and his wife are interested parties to this suit, and Burns, by reason of the death of King, is an incompetent witness as to matters relating to the alleged contract. The evidence of Bryant shows that he sold the land to Burns without any reference to the promise he had made to King. The amount paid by Burns for the land is much in excess of the amount mentioned, which, it is said, he was to pay by way of rents for the land. The agreement, it is true, is stated in such a form as to give it flexibility enough to cover the amount actually paid; but such a method of renting lands is very unusual. From the date of the deed to Burns to the commencement of this suit, a period of eighteen years, he has been in the actual possession of the land, accounting to no one for the use thereof, and Mrs. Zans says she knew he claimed full title thereto; yet during all this time the plaintiffs set up no claim to the land. This continued assertion of title on the part of Burns, and non-action on the part of plaintiffs, is a very effectual denial of the existence of any such contract as is now sought to be established. Proof of the alleged contract rests alone on reported conversations, and the contract is not established, as it should be, according to the rule before stated.

The judgment is affirmed. RAY, J., absent; the other judges concur.