King v. Isley.

---

KING, et al., *Appellants*, v. ISLEY *et al.*

Division One, May 22, 1893.

1. **Resulting Trust:** PAROL EVIDENCE. Parol evidence in order to establish a resulting trust must be clear, strong and unequivocal and so definite and positive as to leave no room for doubt in the mind of the chancellor as to the existence of the trust.

King v. Isley.

2. ——— : ———. In a suit to establish a trust in certain land by the heirs of one C, the alleged *cestuique trust*, the evidence for plaintiffs consisted for the most part of casual statements of the alleged trustee and C, testified to years after it was claimed they were made, by witnesses many of whom were interested. This evidence was controverted by defendants' witnesses, who were less in number than plaintiffs'. Defendants put in evidence the written contract between them and their grantor, which recited all the terms of the sale and was witnessed by C. They also introduced in evidence the trust deed to the grantor securing deferred payments as provided for in such contract and evidence of payment of the same by them. *Held*, that the finding and judgment of the trial court for the defendants were right.

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Teasdale, Ingraham & Cowherd* and *C. O. Tichenor* for appellants.

(1) The evidence, both as to quantity and quality, preponderated in favor of appellants. Sixteen witnesses testified on their side, ten of whom were related by blood or marriage and six were neither interested or related. Plaintiffs' evidence consisted mainly of conversations either with Mrs. Isley or with Clay King in her presence, and it is not probable that the witnesses fabricated their testimony. See *Still v. Huldekoper* 17 Wall. 394; 1 Wharton's Evidence, ch. 2; *Railroad v. Richardson*, 91 U. S. 470; *Life Ins. Co. v. Hillman*, 145 U. S. 295. (2) The court erred in admitting in evidence the testimony of the counsel for Mrs. Isley as to admissions of Clay King. Such admissions, if made, were made to the witness as an attorney and hence were incompetent. Wharton's Evidence, sec. 577; *Cleare v. Jones*, 21 L. J. Ex. 109; *Penn Co. v. Marion*, 123 Ind. 421. Clay King was in possession of the

ground in controversy; did things in reference to it which an owner would have done; had charge and control of the deed. Mrs. Isley got a quitclaim by falsely telling the grantor that the original was lost or destroyed. His statements in reference to the title ought to have been considered by the court, but they were not. *Thomas v. Wheeler*, 47 Mo. 365; *Ringo v. Richardson*, 53 Mo. 385; *Jackson v. Matsdorf*, 11 John. 95.

*Edward H. Stiles* for respondents.

Parol evidence relied on to overthrow a legal title must be clear, satisfactory and conclusive, is the general rule, and as we shall presently see, no tribunal of last resort has been more exacting or gone further on this subject than the supreme court of Missouri. *Johnson v. Quarles*, 46 Mo. 426; *Forrester v. Scoville*, 51 Mo. 268; *Ringo v. Richardson*, 53 Mo. 394; *Kennedy v. Kennedy*, 57 Mo. 73; *Modrell v. Riddle*, 82 Mo. 31; *Berry v. Hartzell*, 91 Mo. 132; See also *Fifield v. Gaston*, 12 Iowa, 218; *Cooper v. Skeel*, 14 Iowa, 578; *Corbit v. Smith*, 7 Iowa, 60; *Kincell v. Feldman*, 22 Iowa, 363; *Monroe v. Graves*, 23 Iowa, 597. (2) The finding of the trial court is in accordance with the evidence and will be deferred to on appeal. *Snell v. Harrison*, 83 Mo. 651; *Sharpe v. McPike*, 62 Mo. 300; *Hodges v. Black*, 76 Mo. 537; *Royle v. Jones*, 78 Mo. 403. (3) Even if Col. King had the property conveyed to his sister in her name to hold it for him in order to prevent his wife from reaching it in a divorce proceeding, such conveyance will not now be disturbed. A conveyance thus fraudulently made is good against the grantor and his heirs. *Hall v. Callahan*, 66 Mo. 321; *McLaughlin v. McLaughlin*, 16 Mo. 242; *Brown's Administrator v. Finley*, 18 Mo. 375; *George v. Williamson*, 26 Mo. 190;

*Stevenson v. Edwards*, 98 Mo. 622; *Crawford v. Lyle*, 3 Mo. App. 585; *Stephens v. Harrow*, 26 Iowa, 458.

BRACE, J.—By general warranty deed duly executed and acknowledged and dated the twenty-fifth day of September, A. D. 1880, Hiram T. King and wife, of Rochester, New York, for the consideration of $2500, conveyed to Nancy Isley two lots in the city of Kansas in fee simple absolute.

At the January term, 1888, of the Jackson county circuit court, this suit was instituted by the plaintiffs, who are the brothers, and some of the other heirs-at-law of Clement Clay King, who died intestate without lineal descendants on the twenty-fourth of April, 1881, against the said Nancy Isley, a sister of said Clement Clay King, and her husband; charging that said lots were purchased and paid for by the said Clement Clay King and the title aforesaid taken in the name of the said Nancy Isley to be held by her in trust for said Clement Clay King and his heirs, and that the said Nancy afterwards for a large sum of money sold and conveyed said lots to one Martin Jones, and praying for a decree declaring such trust and for an accounting. The case was heard upon the merits; the issues found for the defendants, the bill dismissed, and plaintiffs appeal.

A vast amount of evidence was taken at the trial, all of which we have carefully read and considered in order to dispose of the only question for our determination, and that is, whether the finding of the chancellor is supported by the legal evidence in the case as it appears in the large printed volume before us. The plaintiffs undertook to establish the alleged trust by parol evidence of the weakest character, the casual statements of the defendant and of Clement Clay King in the main, uncertain and equivocal, testified to by

witnesses (many of them interested) years after the conversations were had in which they are said to have been made.

In regard to the character of the parol evidence necessary to create a resulting trust, such as is contended for here, this court has ever held no uncertain language. "The rule in this court is settled by a uniform line of decisions that parol testimony, in order to accomplish such an object and secure such an end, must be clear, strong and unequivocal; so definite and positive as to leave no room for doubt in the mind of the chancellor as to the existence of such a trust." *Allen v. Logan,* 96 Mo. 591. "These resulting trusts must not be declared upon doubtful evidence or even upon a mere preponderance of evidence * * *. There should be no room for a reasonable doubt as to the facts relied upon to establish the trust." *Adams v. Burns,* 96 Mo. 361. To the same purport is the language of this court in many other cases before and since these opinions were rendered. *Burdette v. May,* 100 Mo. 13; *Taylor v. Von Schraeder,* 107 Mo. 206; *Johnson v. Quarles,* 46 Mo. 424; *Ringo v. Richardson,* 53 Mo. 385; *Berry v. Hartzell,* 91 Mo. 132.

Guided by the principles announced in the foregoing cases and in many others that might be cited, the chancellor, standing alone upon the deeds executed in accordance with all the formalities required by the law conveying the lots in question to Mrs. Isley in fee simple absolute, might well have found the issues for the defendants in the face of all the evidence introduced by the plaintiffs in support of their case, the force and effect of which could not have been more than to raise a doubt in his mind as to whether the first payment of the purchase money for these lots, amounting to $833.21, was made with the money of Mrs. Isley or with the money of Clement Clay King, and if paid with the

money of the said King, whether it was furnished by
him for the purpose of acquiring an interest in the
property for himself, or as an absolute gift to his
sister.   Such  doubts, if for  a moment  entertained,
must  have  been  quickly  resolved  in  favor  of the
defendants, when  the  counterpart  to  Mrs.  Isley's
warranty deed was introduced in  evidence in the shape
of a deed of trust duly executed by Mrs. Isley and her
husband  of  even  date with  said  warranty  deed, to
secure  three  promissory  notes  also  executed  by them
for the remainder of the purchase money, amounting
to the sum of $1666.65;  evidence of the payment of said
notes and interest as they became due, and the written
agreement  entered  into  between  the  parties  at  the
time evidencing the contract, pending the interchange
of  deeds  and  securities, which  agreement *attested* by
the said *Clement Clay King* is as follows:

"Hiram  T.  King  agrees  with  Nancy  Isley  and
Phillip Isley as follows:

"Said Hiram T. King has this day sold and agrees
to convey to said Nancy Isley the following  described
real  estate,  situate  in  the  city  of  Kansas,  county of
Jackson, and state of Missouri; that is to say    *    *    *
[Describing property.]   For which said  property said
Nancy Isley, and Phillip Isley agree to pay said Hiram
T. King the sum of $2500.00, $833.21 of which is now
deposited    *    *    *    for use of  said King by draft on
New York, payable  to  order  of  said King  on  comple-
tion of this contract; the remainder is to be paid in
three equal parts, in one and two and three years, the
deferred payments to be evidenced by the notes of said
Nancy Isley and Phillip Isley, and  secured by a deed
of trust on said  property, to  be  delivered  contempor-
aneously with  the  aforesaid deed  of  said King; said
notes to bear interest from date at the rate of seven per
cent. per annum.   The said deed of trust is to  contain

the usual power of sale in default of payment of said notes or any of them.

"Said Isley and wife further agree to keep said property insured, and the loss, if any, payable to the holder of said notes; the amount of insurance to equal at least said debt. Said deed and deed of trust and notes are to be made so soon as said King shall have the deed acknowledged by his wife and returned to this place from New York state, where she now is.

"King is not to pay the state and county taxes for 1881, and these are to be excepted in his covenants in said deed.

"Dated this twenty-fifth of September, 1880.

"HIRAM T. KING,
"NANCY ISLEY,
"P. ISLEY.

"Witness:    C. CLAY KING."

In these documents we have the highest and best evidence of the character of the transaction in question, and on them the defendants might have securely rested their case; but they went further and introduced parol evidence to meet and contradict the suggestions of plaintiff's parol evidence of the character mentioned, that this property was purchased and paid for in part by Clement Clay King for his own use; and while on this branch of the case the plaintiffs had the greater number of witnesses, yet taking into consideration the character of the testimony, the relation of the witnesses to the controversy and of the parties to each other, and all the circumstances and surroundings as developed in the testimony, we would not feel authorized to disturb the finding of the chancellor, even if the case turned upon the weight of this class of evidence. On the whole evidence there is no question but that his finding was right, and the judgment is affirmed. All concur, except BARCLAY, J., absent.