REED et al., Appellants, v. SPERRY et al.

### Division Two, January 31, 1906.

1. **MARRIED WOMEN: Separate Estate: Appropriation by Husband: Trust Estate.** Land inherited by a married woman in 1880 was her separate estate, and so remained until sold by her, and the proceeds arising from such sale remained her separate property until, by her assent in writing, they were reduced to the possession of her husband. And if, without such written assent, he invested the proceeds in land and took the title in his own name, he held such title during her life in trust for her, and after her death in trust for her children or heirs at law.

2. ——: ——: ——: ——: **Proof Necessary to Establish Trust.** To establish such trust, it devolves on her children or heirs, after her death, to show by clear and convincing testimony, not only that the proceeds of the sale of her lands were reduced to the possession of the husband, but that they were invested by him in the land in which the resulting trust is sought to be established. And in this case it is held that the evidence adduced to establish these facts, falls far short of the cogent and convincing character which the law requires.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Hewitt & Hewitt* and *James T. Blair* for appellants.

(1) In this cause we have to deal with the most sacred of confidential relations, those between husband and wife. "It has always been found necessary to examine zealously into the transactions whereby the hus-

band gets the advantage of the wife.'' ''The doctrine to be examined arises from the very conception and existence of a fiduciary relation. While equity does not deny the possibility of valid transactions between husband and wife, yet every fiduciary relation implies a condition of superiority held by the one over the other in every transaction between them by which the superior party obtains a possible benefit.'' Witbeck v. Witbeck, 25 Mich. 439; Pomeroy, Eq., sec. 956. (2) Under the statutes concerning married women the money and securities received by the husband from the sale of the wife's land, inherited from her mother, became her separate property and remained such unless reduced by the husband to his possession by the assent of his wife in writing. Laws 1875, p. 61; Secs. 3295, 3296, R. S. 1899. (3) The investment by the husband of money from the proceeds of the sale of the wife's land inherited from her mother, Elizabeth Burton's estate, in other lands and taking the title in his own name, constitutes him a trustee of an implied or resulting trust, and he held the legal title only for the benefit of the wife and her heirs. Broughton v. Brand, 94 Mo. 169; Seay v. Hesse, 123 Mo. 450; Brown v. McKean, 82 Mo. 598; Baumgartner v. Guessfield, 38 Mo. 37; Paul v. Chouteau, 14 Mo. 580; Stevenson v. Smith, 88 S. W. 86; Crawford v. Jones, 163 Mo. 577; Scrutchfield v. Sauter, 119 Mo. 615. (4) It will appear from a casual reading of the testimony in this cause that the rule which obtains in cases like this that the evidence should be something ''more than a preponderance,'' i. e., it should be of a ''most convincing character;'' ''all but conclusive,'' ''beyond a reasonable doubt;'' has been fully met. Crawford v. Jones, 163 Mo. 583; Prewitt v. Prewitt, 87 S. W. 1003; McMurray v. McMurray, 180 Mo. 533. (5) The relation of Sperry to his wife was of a fiduciary character, and that fact lightens the burden of plaintiffs. Shaw v. Shaw, 86 Mo. 597. The ownership of the money is the important feature in cases of this character, and we take

it that the ownership was fully established in Miriam Sperry, Samuel's wife. Shaw v. Shaw, supra; Johnston v. Johnston, 173 Mo. 101; Baumgartner v. Guessfield, 38 Mo. 41; Depas v. Mays, 11 Mo. 314.

*Hubbell Bros.* and *Harber & Knight* for respondents.

(1) Plaintiff's evidence failed to measure up to the standard required by law. Burdett v. May, 100 Mo. 13; Crawford v. Jones, 163 Mo. 583; Curd v. Brown, 148 Mo. 92; Brinkman v. Sunken, 174 Mo. 715; Viers v. Viers, 175 Mo. 453. (2) The Supreme Court will defer to the decision of the chancellor below, on questions of fact. Bowen v. McKean, 82 Mo. 594; Mathias v. O'Neil, 94 Mo. 520; New England Loan & Trust Co. v. Browne, 177 Mo. 423; Shanklin v. McCracken, 151 Mo. 594; Mining Co. v. Mining Co., 106 Mo. App. 71; Gard v. Arnold, 157 Mo. 545; Cole v. Mueller, 187 Mo. 638.

BURGESS, P. J.—This is an action, begun by plaintiffs against the defendants in the circuit court of Daviess county, the object and purpose of which is to have the title to one hundred and twenty acres of land, described in the petition, the legal title to which is now in defendant Samuel Sperry, declared to be held by him in trust for the plaintiffs.

The petition, in substance, states that the plaintiffs, Alice Reed, Lelia Hill and Forest Sperry, and the defendants, William Sperry, Nearest Sperry and Ruby Sperry, are the only children of the defendant Samuel Sperry and his wife, Miriam Sperry, now deceased; that defendants William, Nearest and Ruby Sperry are necessary parties to a complete determination of the questions involved in this controversy, and they are made parties defendant because they refused to join as plaintiffs herein; that the said Miriam, wife of the said Samuel Sperry and the mother of the other parties to

this suit, died about the 20th day of September, 1887; that prior to her death she inherited from her mother and, by reason of such inheritance, came into the possession of valuable real estate, to-wit: the northwest half of the northwest quarter of section 14, and thirteen acres out of the southeast quarter of the southwest quarter of section 11, all in township 60, range 29, situate, lying and being in Daviess county, Missouri. That thereafter, to-wit, on the 27th day of July, 1880, the said Miriam and her husband, Samuel Sperry, conveyed by warranty deed the said thirteen acres of land to one John Burton for and in consideration of the sum of $216.66; that on the 7th day of November, 1881, she again joined with her said husband in a warranty deed whereby she conveyed to one Lewis L. Walls, in consideration of the sum of $700, the said northwest quarter of the northwest quarter of section 14, township 60, range 29; that thereafter, to-wit, on the 14th day of March, 1883, the said defendant Samuel Sperry purchased from one David Koger, for and on behalf of his wife, the said Miriam, the following described lands, lying and being in Daviess county aforesaid, to-wit, the west half of the northwest quarter and the northwest quarter of the southwest quarter, all in section 7, township 60, range 29, and paid for said lands the money of plaintiffs' mother, the said Miriam, and wrongfully, and without the knowledge or consent of plaintiffs' said mother, took the title to the aforesaid described lands so purchased from said Koger in his, the said Samuel's own name.

The petition further alleges that the said defendant Samuel withheld the knowledge of the fact that the title to the lands purchased from Koger was taken in his (Samuel's) name, and wrongfully neglected to advise said Miriam of said fact, but fraudulently concealed the same from her, and that she died without knowledge of said fact. The petition further alleges that plaintiffs first learned of the facts therein stated less than one

year prior to the filing of the petition.  Plaintiffs further state that the title to the west half of the northwest quarter of section 7, township 60, range 29, aforesaid, is still vested in said defendant Samuel Sperry, but that on the 6th day of June, 1896, he sold and conveyed to one Henry F. Elliott the northwest quarter of the southwest quarter of said section 7, township 60, range 29, for which he received the sum of $1,000.

Wherefore, the plaintiffs say, that by reason of the premises aforesaid, said defendant Samuel Sperry holds the title to the said west half of the northwest quarter of section 7, aforesaid, in trust for them and that he has wrongfully converted to his own use the said $1,000; that before the commencement of the suit they demanded of the said Samuel Sperry that he convey to them their interest in the said west half of the northwest quarter of section 7 aforesaid, and that he pay to them their portion and share of the said sum of $1,000 received from the said Henry F. Elliott, as the purchase price and consideration received for the said lands sold and conveyed to him, but that said defendant Samuel Sperry refused to do so or to accede to said demand.

Wherefore, the plaintiffs pray the court to declare the title to the lands aforesaid, so vested in the said defendant Samuel, be held by him in trust for plaintiffs; that said title be divested out of the said defendant Samuel and vested in the plaintiffs, and that he be required to pay the plaintiffs their share of the said sum of $1,000, with interest from the 6th day of June, 1896, and for all other proper relief.

Defendants, by leave of court, filed an amended answer in which they deny each and every allegation in the petition contained.  Further answering, they allege that there is a defect of parties plaintiff, and that the cause of action or ground of relief set up in plaintiffs' petition is an entirety and cannot be subdivided.  Further answering, they allege, in substance, that any

cause of action or ground of relief set forth by plaintiffs is barred by the five-year Statute of Limitations, and accrued more than five years next before the commencement of this suit; that any cause of action or ground of relief set forth in the petition accrued more than ten years prior to the commencement of this suit; that any cause of action or ground of relief mentioned in said petition accrued to Miriam Sperry in her lifetime, and that plaintiffs failed to sue within three years after her death; that plaintiffs failed to sue within three years after becoming twenty-one years of age.

Plaintiffs filed a reply to the answer which in effect denies all allegations as to the new matter therein contained.

Mrs. Miriam Sperry's mother, Eliza Burton, died the owner of a large body of land in Daviess county, which was, on the 14th day of June, 1880, duly partitioned among her heirs, and said Miriam was allotted fifty-three acres thereof as her share in said lands. Plaintiffs claim that on the 21st day of July, 1880, she and her husband, the said Samuel Sperry, sold and conveyed the said thirteen-acre tract to John Burton, her brother, for $216.66, and on the 7th day of November, 1881, she and her said husband sold and conveyed to one Lewis L. Walls the remaining forty acres, for the sum of seven hundred dollars, two hundred dollars of which was paid in cash, and to secure the remaining five hundred dollars of the purchase price Walls executed to Samuel Sperry four promissory notes which were secured by a deed of trust on said forty-acre tract. In the year 1883 this trust deed was released by said Samuel Sperry. On the 14th day of March, 1883, defendant, said Samuel Sperry, purchased from David Koger, for the consideration of $1,250, as recited in the deed of that date by Koger and wife to said Sperry, three forty-acre tracts, or the one hundred and twenty acres of land involved in this litigation. This deed was duly recorded in the

recorder's office of Daviess county on the 10th day of May, 1883.

On the 20th day of September, 1887, Mrs. Sperry died, leaving surviving her her husband and their six children, all of whom are parties, either as plaintiffs or defendants, to this suit. Alice, who is the eldest, was then about seventeen years of age; Lelia about ten, and Forest, the youngest, about seven years of age.

Under the statute of this State concerning married women, which was in force at the time, the land inherited by Mrs. Sperry, from her mother's estate was her separate property, and so remained until sold by her and her husband, and then the proceeds arising from such sale remained her separate property until, by her assent in writing, reduced to the possession of her said husband. [Laws 1875, p. 61; secs. 3295, 3296, R. S. 1879.] And if he invested the proceeds arising from such sales in the three forty-acre tracts in question, and took the title in his own name, he held said title during her life, in trust for her, and at her death in trust for her children and heirs at law. [Scrutchfield v. Sauter, 119 Mo. 615; Crawford v. Jones, 163 Mo. 577.] But in order to establish such trust it devolved upon plaintiffs to show by clear and convincing testimony, not only that the proceeds of the sales of the land were reduced to the possession of the husband, but that they were invested by him in the land in which the resulting trust is sought to be established, and constituted all or part of the purchase price thereof. Or, as said in Burdett v. May, 100 Mo. l. c. 16, ''The rule which prevails in this State, the general rule elsewhere upon the subject of resulting trusts, requires that in order to prove such a trust it must be established by testimony so clear, strong and unequivocal as to banish every reasonable doubt from the mind of the chancellor respecting the existence of such trust. This is the substance and effect of the language employed by the authorities, and by this court in numerous instances.''

[Curd v. Brown, 148 Mo. 82.] The same question was before the court again in the case of Crawford v. Jones, 163 Mo. l. c. 583, in which it is said: "We agree with all that the learned counsel for appellant in his brief says about the necessity of requiring clear and cogent proof, carrying conviction beyond a reasonable doubt, in order to establish a resulting trust of this character." [Brinkman v. Sunken, 174 Mo. 709; Johnson v. Quarles, 46 Mo. 423; Adams v. Burns, 96 Mo. 361; Allen v. Logan, 96 Mo. 591; Burdett v. May, 100 Mo. 13; King v. Isley, 116 Mo. 155; McFarland v. LaForce, 119 Mo. 585; Plumb v. Cooper, 121 Mo. 668.]

Taking the rule announced by these adjudications, which is the general if not universal doctrine upon the subject, for our guidance, is the evidence adduced by plaintiffs of such a conclusive and convincing character as seems to be necessary to establish a resulting trust in favor of plaintiffs in the land in controversy? To make out their case, plaintiffs introduced as a witness David Koger, the person from whom defendant Samuel Sperry purchased the land in question, who testified that Sperry told him it was with his wife's money he was paying for the land. This alleged statement by Sperry must have been made in March, 1883, as it was on March 14th of that year that the deed to the land was made by Koger to him.

A Mrs. McCully, another witness for plaintiffs, testified that Samuel Sperry told her at her house, about twelve years before the trial of the suit, that he got eight hundred dollars from his wife and that he put it in that land he got of Mr. Koger. This is the evidence upon which plaintiffs chiefly rely to support their case. The only money Mrs. Sperry had, which there is any evidence tending to show was applied towards purchasing the land in question, was that derived from the sales of the land inherited from her mother's estate, which inheritance comprised fifty-three acres, or one thirteen-acre and one forty-acre tract.

There seems to have been some controversy among the heirs of Mrs. Burton as to Mrs. Sperry's right to the thirteen-acre tract; and although she and her husband and her brother, David Burton, in July, 1880, joined in a deed to John Burton, another brother, conveying to him this thirteen acres, as well as eleven acres which had been set off to David, for the consideration of $400, as expressed in the deed, $216 of which was Mrs. Sperry's portion, John testified that he remembered the transaction of the thirteen acres being conveyed to him, but that he paid nothing for it either to Mrs. Sperry or Samuel Sperry; that he had nothing to pay them, and that this piece of land was conveyed to him in settling the estate.

Samuel and Miriam Sperry sold the forty acres to Lewis L. Wall in June, 1881, for the sum of seven hundred dollars, two hundred of which was paid in cash, and to secure the payment of the balance Wall executed notes and a deed of trust to Sperry upon the land. Whether or not these notes were paid before April 22, 1885, does not appear. As we have stated, the land in question was bought by defendant Samuel Sperry from Koger on the 14th day of March, 1883, but there is no evidence that this $500 was paid before said land was paid for by Samuel Sperry, which it devolved upon plaintiffs to show, for if said $500 had not been received by Sperry, it could form no part of the purchase price of the lands conveyed to him by Koger.

With respect to the $200 paid at the time of the sale of the forty-acre tract to Walls, the record shows that Mrs. Sperry about that time invested $140 in a mare, two colts and a cow, and that she also bought her husband a watch, and thus invested approximately the $200 in personal property; but it would seem she always claimed the said watch as her own.

Upon the part of defendants the evidence tended to show that Samuel Sperry had ample means to pay for this land, and in the absence of testimony of a clear

and cogent character that the money of Mrs. Miriam Sperry, in whole or in part, was used by her husband, Samuel Sperry, in payment of the purchase price of said land, the plaintiffs have utterly failed to make out their case.

In Burdett v. May, supra, the court says: "The testimony in this cause, it will be observed, is made up for the most part of the verbal admissions of the party against whom the resulting trust is sought to be established. Touching the subject of such admissions and the weight to be given them, Greenleaf states: 'The evidence consisting, as it does, in the mere repetition of oral statements, is subject to much imperfection and mistake; the party himself either being misinformed, or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens, also, that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say.' [1 Greenl. Ev., sec. 200.]"

In cases of this character we usually defer to the finding of the chancellor who heard the evidence and observed the demeanor of the witnesses while testifying; but aside from and independent of such finding, an examination of the facts disclosed by the record fails to convince us that the evidence adduced is of such a character as we deem necessary to establish a resulting trust, in favor of the plaintiffs, in the lands sought by them to be charged therewith.

The judgment is accordingly affirmed.

All concur.