PHILLIPS, Appellant, v. RUSSELL'S ADMINISTRATOR, Respondent.

1. Where a notice is given to an administrator that a demand will be presented for allowance against the intestate's estate " at the next term of the county court of and for N. M. county, to be holden in the town of N. M., in said county and state, on the 8th day of May, 1854," the demand may be presented and allowed on the 9th day of May; if so presented and allowed, the administrator being present, the circuit court should not dismiss the cause on appeal on the ground that the demand was not presented on the 8th of May.

*Appeal from New Madrid Circuit Court.*

This was an application to the county court of New Madrid county for the allowance of a demand against the estate of Charles H. Russell, deceased. The following notice was given to the administrator : " State of Missouri, county of New Madrid. To Mr. John Jackson, administrator of the estate of Charles H. Russell, deceased (and who was late of said county and state) : You will please take notice that I have a demand due and owing to me by and against the estate of the said deceased, amounting to in about the sum of two hundred and fifty dollars, for money and property placed and deposited, and for my use and benefit, in the hands of said deceased by William E. Etheridge, to be paid by said deceased to me, but which said deceased never paid, but kept and retained the same, and appropriated the same to his own use, contrary to the trust reposed in him. At the next term of the county court of, in and for New Madrid county, in said state, to be holden in the town of New Madrid, in said county and state, on the 8th day of May, I shall proceed to enforce the said claim against said decedent's estate, and apply for an allowance against said estate for the amount of said claim, at which time and place you can attend and oppose said claim if you see proper. [Signed] Shapley R. Phillips." The said notice also contained a copy of the demand, as follows : " The estate of Charles H. Russell, to Shapley R. Phillips, Dr. To money and property placed and deposited in the hands of said Russell by William E. Etheridge, to be paid by said Russell to said Phillips, but which said Russell never paid to said Phillips, but kept the same and retained it and appropriated it to his own use ; which, with interest, now amounts to about $250—two hundred and fifty dollars."

On the 9th day of May, 1854, the said demand was presented and allowed " for one hundred and seventy-five dollars." The administrator was present and resisted its allowance. On appeal to the Circuit Court the defendant moved to dismiss the

cause for the following reasons: "1st, the demand was not presented at the time mentioned in the notice; 2d, the demand was improperly presented, and the action improperly brought; 3d, the proceedings were illegally commenced and should have been dismissed." This motion was sustained.

*Frissell*, for appellant.

*Noell*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

We see no ground for dismissing this cause in the court below. If it was dismissed because the notice was to the first day of the term, and the cause was not taken up until the next day, the order of dismissal was erroneous. It appears that both parties were present when the cause was heard in the county court, and there was a judgment for the plaintiff. The cause not being presented the first day, it would stand continued from day to day until it was heard. It was in the power of the defendant, by an application to the court, to have relieved himself of a burthen of attending during the whole term. The court might have fixed a day and compelled the plaintiff to reasonable terms, so as to prevent the unnecessary harassing of administrators. The statute only requires a notice to the next term of the county court; so, by the notice given by the plaintiff, the defendant was not in a worse condition than if the notice had conformed to the words of the statute; for if the notice had been to the next term of the county court, it will not be maintained that the plaintiff might not on any day of the term have presented his demand.

We consider the notice of the demand sufficient. It contained a copy of the demand. Section 15 of article 3 of the act concerning administration provides that the county court shall hear and determine all demands in a summary way without the form of pleading. The nature of the claim was described in such a way as enabled the defendant to prepare a defence against it. Judge Ryland concurring, the judgment will be reversed and the cause remanded; Judge Leonard absent.