ROZIER, Plaintiff in Error, v. GRIFFITH *et al.*, Defendants in Error.

31  171
42a 570
31  171
110 582
31  171
120 216
31  171
139 235
31  171
99a ³595

1. An actual possession of land is not necessary to enable a tenant in common to maintain an action for a partition against his co-tenant; to defeat such action there must be an ouster by such co-tenant.
2. Where the determination of equitable rights is sought, the rule that prevents the maintenance of an action at law for partition by one tenant in common against an alleged co-tenant, who claims to hold adversely, is inapplicable; the proceedings in such case will not be suspended short of rendering complete justice between the parties.
3. Courts of equity can enforce trusts between tenants in common and at the same time make partition and take an account for the rents and improvements or moneys paid for the common benefit; where one joint owner appears to have received more than his share of the estate, a court of equity will direct an account, and will not confine its relief to partition.

*Error to St. Charles Circuit Court.*

The facts in evidence sufficiently appear in the opinion of the court.

*Whittelsey*, for plaintiff in error.

I. The court erred in sustaining the demurrer. The plaintiff set up an equity between tenants in common. Plaintiff had the right to claim that the removal by defendant of the outstanding title from a part of the land owned in common enured to the benefit of plaintiff. (Picot v. Page, 26 Mo. 398; 5 Johns. Ch. 388, 406; 3 Dana, 326; 25 Wend. 389; 5 Conn. 529; 10 Johns. 292; 2 Eq. Cas. 741; 1 White &

Tud. L. C. 65, 67, 73; 6 Dana, 171; 17 Ves. 310; 3 Swanst. 489; 1 Russ. & My. 132; 1 Pen. & W. 439; 8 Watts, 81, 95; 2 Barr, 463.) Courts will enforce trusts between tenants in common and make partition. (17 Ves. 533; 2 White & Tud. L. C. 485; 28 Mo. 297; 18 Mo. 468, 29 Mo. 229; 2 Atk. 381; 5 Barb. Ch. 51; 4 Johns. Ch. 276; 1 Sto. Eq. § 655.) Equity has jurisdiction to make partition and to take and state an account for the rents and improvements or moneys paid for the common benefit. (2 White & Tud. L. C. 485; 8 Ves. 143; 2 Ves. 122; 18 Mo. 468; 1 Sto. Eq. § 656.) Equity having jurisdiction for one purpose, will do full justice between the parties and thus avoid multiplicity of suits. (1 Sto. Eq. § 64, 69; 13 Mo. 321; 5 Mo. 6; 8 Ves. 143; 2 Ves. 122.) There was no misjoinder of parties defendant. If D. Griffith was a necessary party he only could demur. Both defendants could not jointly demur. (26 Mo. 210.) There is no allegation that defendant is in adverse possession. The facts stated show a tenancy in common between plaintiff and the defendant Eliza A. Griffith, in the legal title as to one portion and in the equitable title to the other part. If defendant claimed an adverse title and possession, the objection should have been taken by answer. (2 Barb. Ch. 398.) If the facts are truly stated, the prayer would not deprive the plaintiff of the relief to which he may be entitled. (R. C. 1855, p. 1280, § 12; 28 Mo. 469; 26 Mo. 210.) This case does not come within the rule of Lambert v. Blumenthal, 26 Mo. 471.) The judgment should have been for the plaintiff on the demurrer.

*Alexander & Wells*, for defendants in error.

I. Plaintiff could have no cause of action against the defendants until he offered to pay the half of the purchase money paid by defendant. There was a misjoinder of parties. D. A. Griffith had no interest in the land. There was a misjoinder of causes of action. The suit is for title, and for rents and profits of a part of the land, and for partition.

The petition clearly shows that the defendants hold the land adversely to the plaintiff. Plaintiff could not sue in partition. There is no equity in the claim to contribute and take half of the benefit of defendant's purchase. It is not alleged that either party was in possession, or that they had any title whatever at the time of defendant's purchase. They were not therefore tenants in common. No such relation could exist without either title or possession. They had separate deeds, but they conveyed nothing. It is nowhere stated which is the better title, the original title acquired, or the outstanding title bought in by defendant. It is nowhere stated that plaintiff or defendants were ever in possession, or that defendants prevented plaintiff from taking possession, or that the land was improved, or in what the rents and profits consisted. No facts are *stated* on which an account could be taken.

EWING, Judge, delivered the opinion of the court.

This is a proceeding in equity for partition, and to have the benefit of the purchase of an outstanding title to a part of the land claimed to be owned in common by the plaintiff and defendant Eliza A. Griffith, and also for an account of rents, profits, &c. The petition sets up an equity between the parties as tenants in common, and asks the enforcement of the trust as to this purchase by his co-tenant. The case is before us on a demurrer to the petition.

It is said that the petition can not be sustained because it does not allege possession of the premises by the plaintiff. An actual possession is not necessary for the purpose of the action, and the title set out in the petition shows such a seizin as would entitle the plaintiff to the process of partition. (26 Mo. 474.) There appears to be no adverse holding by the defendant. The facts stated show a tenancy in common; that they hold jointly under a legal title as to a part of the land and under an equitable title as to the remainder. It is only where there is an ouster or an exclusive pernancy of the profits, against the will of the others, that

12—VOL. XXXI.

partition does not lie. In this case nothing appears to show that the plaintiff has ever been ousted ; and among co-tenants the possession of one is the possession of all, until an ouster is shown. If the defendant claims an exclusive right by ouster of his co-tenant, that defence can be made by answer.

The fact that the defendant is in possession of the premises, claiming to hold them adversely to the plaintiff, is in general a sufficient ground for denying a partition in a court of law ; but when the question arises upon an equitable title set up by either of the parties, the reason of the rule fails. When the questions are such as belong to a court of equity, there can be no reason for suspending the proceedings short of complete justice between the parties. (Cox v. Smith, 4 Ch. 275 ; Hosford v. Mervin, 5 Barb. 62.)

The objection to the petition on the ground of misjoinder of causes of action is not well taken. Courts of equity can enforce the trusts between tenants in common and at the same time make partition and take an account for the rents and improvements or moneys paid for the common benefit. A decree for an account is a necessary incident to the exercise of equity jurisdiction, where equitable compensation is involved, as where the estate has been improved by one party by the expenditures of money, &c. Where one joint owner appears to have received more than his share of the estate, the court will direct an account, and will not, in analogy to proceedings at law for a partition, confine its relief merely to partition. (2 White & Tudor's L. C. 534, and authorities there cited.)

There is nothing in the point respecting a misjoinder of parties. (Murphy v. Murphy, 24 Mo. 527.)

Judgment reversed and the cause remanded. The other judges concurring.