## DAMERON v. JAMESON, *Appellant.*

1. **Partition**: PARTIES. Where it appears from the facts in evidence in a suit for partition that a person who is not a party to the record has an interest in the land, no partition should be ordered until he is made a party.

2. **Partition, when Defendant is in Adverse Possession.** The doctrine that partition will not lie when the defendant is in adverse possession of the premises, does not apply when the plaintiff's title is an equitable one only.

3. **Parties to Suit in Equity.** One who has executed two deeds to different persons, both purporting to convey the whole title to the same land, is not a necessary party defendant to an equitable proceeding brought by one of his grantees against the other to adjust their conflicting claims.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Norton & Martin* for appellant.

*McKee & McFarland* for respondent.

HENRY, J.—The petition states that Ephraim Page died, leaving as his only heirs at law, three children, F. W. Page, Helen Page and Rosina A. Strange; that prior to his death, which occurred on the 11th day of May, 1859, Ephraim, without the knowledge or consent of his son, F. W. Page, conveyed to him by deed, the land in controversy; that in October, 1873, F. W. Page, ignorant of the existence of the deed, and supposing that he owned but one third of the land and his two sisters each a third, contracted and sold to defendant one-third of said land; that after the making of this contract and before F. W. executed a deed, defendant first learned from an examination of the record of the existence of the deed of Ephraim Page to F. W. Page and had a deed prepared to himself, to be executed by F. W. who, still ignorant of the deed of his father, executed the deed so prepared by the defendant

conveying the whole tract to defendant who now claims to be the exclusive owner; that, without any notice of the claim made by defendant, plaintiff purchased the interest of F. W. Page's two sisters in the land, and asks for a decree correcting the deed from F. W. to defendant and for judgment of partition.

A demurrer to the petition was overruled; and defendant's answer admits the execution of the deed from Ephraim to F. W.; denies that it was without the knowledge and consent of the latter; denies that on the 1st day of October, 1873, F. W. was ignorant of the existence of that deed, or believed he owned but one-third interest therein, and avers that F. W. made the conveyance to defendant, knowing that he owned the whole tract; admits that he discovered by the record that F. W. had a perfect title, and avers that defendant purchased in good faith; denies fraud; denies that plaintiff purchased the interest of the two sisters in good faith; denies that the sisters ever had any interest in the land, and alleges that plaintiffs knew, when they purchased, that defendant had the title to the entire tract; alleges that defendant owned the legal and equitable interest of the sisters by virtue of an agreement with them before plaintiffs purchased their interest. It further sets up a title under a tax deed of Elsberry & Bro., dated October 17th, 1869, also by deed from J. B. Allen and wife October 15th, 1873. Replication denies the averments in the answer.

At the spring term of the court, 1876, after hearing the evidence, the court, on plaintiff's motion, permitted them to amend their petition, so as to correspond with the proof, by inserting the following: "They further say that they have purchased also, and hold deed for the legal title to said land from F. W. Page." To this action of the court defendant objected and excepted. He also filed a motion to require plaintiff to elect under which source of title they would claim, whether that from the sisters or that from F. W. Page. This was overruled, and defendant ex-

cepted. There was a finding and judgment as prayed for, from which defendant appealed to the St. Louis court of appeals, by which it was affirmed, and he has appealed to this court from that judgment.

The allegation of fraud on the part of defendant in procuring the deed from F. W. Page for the whole tract, is fully sustained by the testimony of Page, Dameron and Gibson, the justice of the peace who took the acknowledgment of the deed from F. W. to defendant, and we have, therefore, only to consider the questions of law presented by the record.

The deed from his father, duly recorded, purported to convey to F. W. Page the whole tract, but defendant acquired only one-third interest, that being what he contracted for, the deed for the entire interest having been by him procured by fraud. F. W. Page never accepted the deed for the whole tract, but always recognized the interest of his sisters, both before and after he learned that his father had conveyed the entire tract to him. By his deed to plaintiffs, he conveyed nothing, having previously, by his deed to defendant, conveyed all the interest he claimed in the premises, and the plaintiffs, when they procured their deed from him, were aware that he had and claimed no interest in the land, except a third, which had been conveyed to defendant. The deed from Rosina A. Strange and Ellen Page to the plaintiffs conveyed only the interest of Ellen, Rosina then being a married woman, and her husband not joining in the deed; and as hers was not a separate estate in the land, her deed passed no title, legal or equitable. *Shroyer v. Nickell*, 55 Mo. 264. Therefore, the defendant is the owner of an undivided one-third, the plaintiffs a third, and Rosina a third. Rosina is not a party to this suit, and as her interest appears on the face of the record, there can be no partition until she is made a party.

It is urged by defendant that partition will not lie when defendant is in adverse possession of the premises,

1. PARTITION: parties.

Dameron v. Jameson.

2. PARTITION, WHEN THE DEFENDANT IS IN ADVERSE POSSESSION. of which partition is asked. This doctrine, in cases to which it is applicable, is well settled, but no case can be found in our reports where the principle was applied in a proceeding to establish an equitable title, and also for partition. When the plaintiff asks for partition, and the defendant is in the adverse possession of the property, the courts refuse to partition the land between them, until plaintiff establishes his title, and a suit in ejectment is the proper proceeding for that purpose; but where, as here, the plaintiff has an equitable title, and asks the aid of the court of equity to establish it, if the court ascertain that he has an interest, and what that interest is, the doctrine that partition cannot be had when the defendant is in the adverse possession of the premises, does not apply. The decree establishes plaintiff's title, and under it the court may put him in possession, and a suit in ejectment becomes necessary. The court, having acquired jurisdiction of the cause, may proceed to determine the whole controversy by decreeing a partition of the premises. *Rozier v. Griffith*, 31 Mo. 171.

While F. W. Page's deed to the plaintiffs conveyed to them no interest in the land, it divests him of all interest in this controversy in favor of plaintiffs, and he was not a necessary party to the suit. He had conveyed all the interest he had in the land to the defendant. He had never accepted, but on the contrary, expressly refused to accept, the conveyance from his father and had no title to the land, except by inheritance jointly with his two sisters.

3. PARTIES TO SUIT IN EQUITY.

Except as herein otherwise indicated, we think that the opinion of the court of appeals, delivered in this case, correctly declares the law on the questions presented by the record. Inasmuch as Rosina A. Strange, who owns one-third of the land in controversy, is not a party to the suit, the judgment is reversed and the cause remanded. All concur.