Waddle v. Frazier.

---

MOLLIE WADDLE et al. v. WILLIAM FRAZIER, Appellant.

Division Two, November 13, 1912.

1. **LIFE ESTATE: To Malinda and Heirs of Her Body.** A deed to Malinda Frazier and "to the heirs of her body," under Sec. 5, Ch. 32, R. S. 1855, created a life estate in her and a remainder in fee in the heirs of her body; and when she died without issue, the estate in fee vested in her brothers and sisters.

2. ———: ———: **Husband's Dower: Heirship.** And though Malinda was married when the land was conveyed to her and "to the heirs of her body" in 1860, and she and her husband con-

tinued to reside on the land as their home until her death, without issue, in 1907, he is not entitled to one-half of the land under Sec. 350, R. S. 1909, which provides that "when a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payments of the wife's debts." As she owned only a life estate, her husband under that section can take no interest in the land after her death. And as she left brothers and sisters surviving her, he cannot claim heirship under Sec. 332, R. S. 1909.

3. **HEIRS: Under Widower's Dower Act and Statute of Entails.** The term "heirs," when used in reference to real estate, means kindred who by the law of descent are entitled to an interest in land, and excludes the husband or wife, where there is nothing in the statute in the connection in which it is used to indicate otherwise. And there is nothing in the Widower's Dower Act (Sec. 350, R. S. 1909), declaring that when a wife shall die without descendants her widower shall be entitled to one-half of the real estate belonging to her, when read in connection with the statute abolishing entails (Sec. 5, Ch. 32, R. S. 1855), declaring that where the life tenant shall die without issue the fee shall vest in "his or her heirs," which would authorize a holding to the effect that the husband becomes an heir of the wife to land conveyed to her and "to the heirs of her body," upon her death without issue, but leaving brothers and sisters surviving her.

4. **PARTITION: Adverse Possession: Voluntary Appearance of Adverse Claimant.** As a rule partition cannot be adjudged where a party claims adversely to all those seeking it; in such case the right to possession must first be determined by ejectment; and the rule is based upon the proposition that in partition the court does not try title and the right to possession, and upon the practical difficulty of enforcing a decree of partition against one in exclusive adverse possession. But this rule does not apply when the adverse claimant in exclusive possession voluntarily enters the partition suit as a party, sets up an equitable title to the land and prays an adjudication thereon, and prays for such other and further orders and decrees as to the court may seem proper. In such case the rule that when a court of equity has acquired jurisdiction of a cause for one purpose, it will proceed to complete justice between the parties, and determine all matters in issue, even if this involves adjudicating matters at law, is applied. Where such claimant invokes the judgment upon his claim of equitable ownership, the court may decree the title in the other parties and that they are entitled to possession.

5. **LIFE TENANT: Adverse Claim to Remaindermen: Limitations.** Neither the life tenant nor any grantee of her life estate can claim adversely to the remaindermen, and the Statute of Limitations does not, until her death, begin to run against them in favor of a purchaser of the life estate, whether he be her husband or some other. So that where Malinda's father in 1860 conveyed the land to her and "to the heirs of her body," and she and her husband, William, conveyed it to James in 1862, and in 1866 the administrator of James, by due proceedings, conveyed it to William, and he and Malinda thereafter occupied it as their home until her death, without issue, in 1907, William owned only her life estate and did not at any time prior to 1907 hold adversely to her brothers and sisters; and, at the time of the institution of suit in partition in 1908, William had neither title nor the right to possession.

6. **RESULTING TRUST: Deed to Wife and Bodily Heirs.** Where the owner of land on April 13, 1860, conveyed forty acres to his son-in-law, and in May following conveyed the forty acres adjoining to his daughter, and one witness testified that he understood this forty was given to her by her father as a home, and she and her husband occupied the said eighty as their home until her death in 1907, except from 1862, when they conveyed it to his brother, to 1866, when the brother's administrator sold and conveyed it to the husband, it will not be *held* that the said husband bought the forty conveyed to the wife from her father and paid for it with his own money and that she therefore held the title as trustee for him, if the testimony going to establish the resulting trust is at best vague and fragmentary, and the chancellor who saw the witnesses did not consider it sufficient.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*John W. Clapp* and *D. M. Wilson* for appellant.

(1) The deed from James Lee and wife to Malinda Frazier and the heirs of her body, created an estate tail, and by the statute then in force vested in her a life estate, remainder in fee to her issue, and she dying without issue, remainder in fee to her heirs. Sec. 5, Ch. 32, R. S. 1855; Clarkson v. Clarkson, 125 Mo. 381. (2) The widower is an heir of his wife, and

under the statute is entitled to the one-half of the real estate. Sec. 2938, R. S. 1899. (3) And the statute applies to those who were married before as well as after its enactment. Spurlock v. Burnett, 183 Mo. 524; Gilroy v. Brady, 195 Mo. 205. (4) The deed from William and Malinda to James M. Frazier expressed to convey an indefeasible estate in fee simple, and by the statute then in force, she and her heirs are bound by the express and implied covenants therein so far as to effectually convey such estate. Secs. 35 and 36, Ch. 32, R. S. 1855. (5) To maintain partition the parties seeking it must have either actual or constructive possession. Partition is not a suit to try the title or to settle the right to a disputed possession. If the defendant William Frazier was in the actual possession, claiming the land sought to be partitioned adversely to plaintiffs and his codefendants, partition cannot be maintained. Lambert v. Blumenthal, 26 Mo. 471; Shaw v. Gregoire, 41 Mo. 407; Colvin v. Hanenstein, 110 Mo. 575; Hutson v. Hutson, 139 Mo. 229; Estes v. Nell, 140 Mo. 639; Snyder v. Arn, 187 Mo. 165; Coberly v. Coberly, 189 Mo. 1; Chamberlain v. Naples, 193 Mo. 96. (6) A deed purporting to convey the fee, though void, is an assurance of title so as to support a claim of title by adverse possession thereunder and will cause limitations to run in favor of such possession. Smith v. Cross, 140 S. W. 1060. (7) In a suit in equity the Supreme Court, as an appellate tribunal, is charged with the determining it under the evidence, on the very right of the case, irrespective of the conclusion arrived at by the trial court. Primm v. White, 142 S. W. 804. (8) Where the evidence is oral and the trial court has an opportunity to observe the conduct of the witness upon the stand, that court is in a much better position to judge of the weight to be given to his testimony than is the appellate court. But when the testimony is documentary, or in the form of a deposition, the advantage of the

trial court does not exist. Neil v. Store Co., 149 Mo. App. 53.

*John W. Bingham* and *W. H. Childers* for respondents.

(1) The finding, judgment, and decree of the trial court was for the right party, is justified, supported, and maintained by legal and competent evidence, and the court did not err in rendering the judgment it did. R. S. 1855, Ch. 32, Sec. 5; G. S. 1865, Ch. 108, Sec. 4; R. S. 1899, Sec 2954; R. S. 1909, Sec. 2872; Wood v. Kice, 103 Mo. 329; Bone v. Tyrrell, 113 Mo. 175; Clarkson v. Clarkson, 125 Mo. 381; Brown v. Rogers, 125 Mo. 392; Hunter v. Patterson, 142 Mo. 310; Hall v. French, 165 Mo. 430; Miller v. Ensminger, 182 Mo. 195; Godman v. Simmons, 113 Mo. 122; Reed v. Lane, 122 Mo. 311. (2) The trial court did not err in holding that the heirs of Malinda Frazier are not bound to any of the covenants in the deed from William Frazier and Malinda, his wife, to James M. Frazier, dated February 14, 1862, for the reasons: (a) That deed on its face purports and is a deed from William Frazier and wife to James M. Frazier. (b) The wife, Malinda Frazier, joins with her husband for the purpose only of relinquishing her dower, and not the fee in the land conveyed by the deed; and, (c) though this was her own warranty deed, she could by it only sell and convey her life estate in the land even though she intended thereby to convey the fee title. Salmons v. Davis, 29 Mo. 181; Foote v. Sanders, 72 Mo. 621; Phillips v. LaForge, 89 Mo. 72; McDonald v. Quick, 139 Mo. 498; Henley v. Wilson, 77 N. C. 216. (3) And even though the grantee paid its full value and believed he was purchasing the fee title, he took only her life estate in the lands. Salmons v. Davis, 29 Mo. 181; Foote v. Sanders, 72 Mo. 621; Phillips v. LaForge, 89 Mo. 72; McDonald v. Quick,

139 Mo. 498; Charles v. Pickens, 214 Mo. 215; Jackson v. Van Hoesen, 4 Cowen 325; King v. Sharp, 6 Humph. (Tenn.) 55; Taylor v. Kemp, 86 Ga. 181; Roberts v. Forsythe, 14 N. C. 26; 16 Cyc. 636. Remaindermen are not responsible for covenants of warranty made by the life tenant to the land. Barlow v. Delaney, 86 Mo. 587. The possession of the life tenant or her grantee and all holding or claiming under her or them, is the possession of the remaindermen, and such life tenant or her grantees' possession is the possession of the remaindermen upon the falling in of the life estate. Robidoux v. Cassilegi, 10 Mo. App. 516; Wilson v. Lerche, 90 Mo. 473; Pharis v. Jones, 122 Mo. 130. Appellant having acquired possession of the premises during the life of the life estate, his possession in law was not adverse to, but presumed to be for the remaindermen. Kellogg v. Mullen, 39 Mo. 178. (4) The trial court did not err in holding that the plaintiffs could maintain this action. R. S. 1909, Secs. 2559, 2562, 2564; Carr v. Dingo, 54 Mo. 102. The possession of the life tenant or her grantees, and all holding and claiming under or through her or them, hold for the use and benefit of the remaindermen upon the falling of the life estate. R. S. 1909, Sec. 2867; Sutton v. Casseleggi, 77 Mo. 405; Keith v. Keith, 80 Mo. 127; Hall v. French, 165 Mo. 438; Rozier v. Griffith, 31 Mo. 173; Wommack v. Whitmore, 58 Mo. 458; Colvin v. Hauenstein, 110 Mo. 582; Boland v. Ross, 120 Mo. 216; Chapman v. Kullman, 191 Mo 247. (5) Appellant by his answer changed this from an action at law to a suit for the equitable partition of the land in dispute, and the trial court was not compelled to relegate the parties to an action in ejectment to determine their right to possession of their aliquot parts, but was authorized to hear and determine every issue raised and render such judgment and decree as would effectually determine the whole matter without further litigation. Rozier v. Griffith, 31

Mo. 173; Dameron v. Jameson, 71 Mo. 100; Colvin v. Hauenstein, 110 Mo. 582; Boland v. Ross, 120 Mo. 216; Coberly v. Coberly, 189 Mo. 16; Chapman v. Kullman, 191 Mo. 247; Barnard v. Keithley, 230 Mo. 223; Brown v. Moore, 74 Mo. 635; Holmes v. Kring, 93 Mo. 458; Sherwood v. Baker, 105 Mo. 478; Roberts v. Thomason, 174 Mo. 387.

FERRISS, J.—This is a suit to partition forty acres of land. The original parties are the collateral heirs of Malinda Frazier, who died in 1907. This forty acres was conveyed to said Malinda by her father in 1860—to her "and to the heirs of her body." She died without issue. The record shows that in April, 1860, James Lee and wife, by general warranty deed, conveyed to William Frazier, the appellant, the southwest quarter of the northeast quarter of section twenty, township sixty-two, range nineteen, in Sullivan county, for a recited consideration of three hundred dollars. In May, 1860, the said James Lee and wife, by general warranty deed, conveyed the adjoining forty, namely, the southeast quarter of the said northeast quarter, the same being the land in controversy, to their daughter, Malinda Frazier, wife of said William, "and to the heirs of her body," for a recited consideration of four hundred dollars. In February, 1862, William Frazier and wife, by general warranty deed, conveyed the above described two tracts, eighty acres in all, to James M. Frazier, brother of said William. In July, 1866, said William Frazier purchased the aforesaid eighty acres from the estate and widow of said James M. Frazier, and received proper conveyance thereof. William Frazier went into possession of this eighty acres in 1866, and occupied same as a home for himself and wife until her death in 1907. After her death, William Frazier continued in the possession of the land, and held such possession until this present suit for partition of the forty acres conveyed

by James Lee to Malinda was instituted by the brothers and sisters of Malinda Frazier, in February, 1908, the said Malinda having died without issue.

The petition in this case is based upon the theory that the deed from James Lee to Malinda Frazier and the heirs of her body, made in 1860, gave her, under the statute then in force, a life estate, with remainder to her heirs, in default of bodily issue; that the persons seeking partition were her heirs; that the sale of the land by William and Malinda Frazier, in 1862, to James M. Frazier, and the subsequent conveyance from his estate to William Frazier carried only the life estate of Malinda, and that consequently, upon her death, in 1907, the title passed to her heirs. William Frazier, upon his request, was made a party defendant in this partition suit. He filed an answer in which he claims to be the owner of the land, that he bought and paid for it with his own money, and that his wife held the title as his trustee. He also pleads adverse possession, under the deeds from the estate of James M. Frazier, since July 1866. He further says in his answer that if the said Malinda had any right or interest in the land, he, as her husband, would, under the statute, be entitled to "one-half of all real estate which her heirs would inherit." He prays that all rights which the parties seeking partition may seem to have, "if any they have," be divested out of them and vested in him; that he be declared the absolute owner; that plaintiff's petition be dismissed, and for "such other and further orders, judgments and decrees herein as to the court may seem right and proper." A reply was filed, alleging that William Frazier took the deeds from James M. Frazier's estate with full knowledge of the condition of the title.

When the case came to trial, plaintiffs proved the conveyances as alleged, the death of Malinda Frazier without issue, and the relationship of the

parties asking partition. Several witnesses were examined orally upon the issue raised by the defendant as to his having bought the land with his own money, and as to his having claimed it as his.

The court rendered judgment which, in part, is as follows:

"Now, to-wit, on the 9th day of January, 1909, this cause having been heretofore heard by the court, comes on for final determination; and the court, having been fully advised in the premises, and as to the evidence adduced on the part of the defendants, as well as on the part of plaintiffs, being duly advised as to such evidence and the facts, finds that the impleading defendant, William Frazier, has no right, title, claim or interest in and to the southeast fourth of the northeast quarter of section twenty, township sixty-two, of range nineteen, Sullivan county, Missouri, sought to be partitioned herein; and the court finds that said land was conveyed to Malinda Frazier, wife of said William Frazier, and her bodily heirs; and although subsequently conveyed to one James M. Frazier by warranty deed, the effect thereof was to vest in the grantee a life estate only in the land in controversy; that although the defendant, William Frazier, subsequently purchased said land from the administratrix of the estate of James M. Frazier, deceased, he made such purchase with full knowledge and notice of the condition of the title, that a life estate only could be sold or purchased, and that although he remained in the rightful possession of such land, as a purchaser of his wife's life estate, until the time of her death, to-wit, on the 15th day of September, 1907, he is not now entitled to the possession and control thereof; but on the contrary, the said Malinda Frazier having died without issue of her body, the plaintiffs and defendants, other than said William Frazier, as her collateral heirs, are the owners of the legal title, and entitled to the posses-

sion of said land, which is hereby declared to be vested in them."

The judgment further finds that the original parties to the partition suit own the land in fee; finds their respective interests; that the land is not susceptible of division in kind, and orders it sold for cash, and the proceeds divided among the parties entitled thereto. William Frazier appeals.

I. It is conceded by appellant that, by its terms, the deed from James Lee to Malinda Frazier and the heirs of her body gave her a life estate, with remainder to her heirs in the event she should die without issue, and this by virtue of Sec. 5, Chap. 32, R. S. 1855, which reads as follows:

"Sec. 5. That, from and after the passage of this act, where any conveyance or devise shall be made whereby the grantee or devisee shall become seized, in law or equity, of such estate, in any lands or tenements as, under the statute of the thirteenth of Edward the First, (called the Statute of Entails) would have been held an estate in fee tail, every such conveyance or devise shall vest an estate for life only in such grantee or devisee, who shall possess and have the same power over, and right in, such premises, and no other, as a tenant for life thereof would have by law; and, upon the death of such grantee or devisee, the said lands and tenements shall go, and be vested in the children of such grantee or devisee, equally to be divided between them as tenants in common, in fee; and if there be only one child, then to that one, in fee; and if any child be dead, the part which would have come to him or her, shall go to his or her issue; and if there be no issue, then to his or her heirs."

It is further conceded in the answer of the appellant that Malinda died without issue of her body, and that the parties seeking partition are her heirs. Ap-

pellant contends, however, that as her husband he is entitled, as heir of his wife, to one-half of the land under Sec. 350, R. S. 1909, which reads thus:

"Sec. 350. When a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts."

Obviously, the husband could take no interest directly under this section, in land in which his wife owned a life estate only. Nor could he claim heirship under the law of descent (Sec. 332, R. S. 1909), his wife having left brothers and sisters surviving her. The claim of heirship on the part of appellant must, therefore, rest on the proposition that section 350, supra, constitutes him an heir of his wife so as to bring him within the final clause of the law in force in 1855, and quoted above. We think this proposition unsound. Section 350, giving the husband an interest in his wife's real estate, was enacted to equalize the rights of widows and widowers. That which the husband takes under this section is in the nature of dower. His claims are limited to property belonging to her at her death. It does not make him his wife's heir in the full sense of that term. The term "heirs," in its accepted legal signification, means kindred who by the law of descent are entitled to an interest in real estate (Ruggles v. Randall, 70 Conn. 44; Dodge's Appeal, 106 Pa. St. 216; Jarboe v. Hey, 122 Mo. 1. c. 354); and, under the authorities, excludes the husband or wife, where there is nothing in the connection in which it is used to indicate otherwise. [Dodge's Appeal, supra; Fabens v. Fabens, 141 Mass. 395; Jarboe v. Hey, supra; Clarkson v. Clarkson, 125 Mo. 381; 15 Am. & Eng. Ency. Law (2 Ed.), 329.] The word "heir" has been construed in many cases to include

the wife or husband where personal property was involved, and the intent was manifest, particularly in provisions in benefit certificates; but with regard to real estate, the rule stated above is uniform. There is certainly nothing in the law quoted above from the Revision of 1855 to indicate that this rule does not apply, and there is nothing in Sec. 350, R. S. 1909, to extend the rights of the husband beyond the plain limitations and purposes of that section.

II. Appellant asserts this proposition in his brief:

"To maintain partition, the parties seeking it must have either actual or constructive possession. Partition is not a suit to try the title or to settle the right to a disputed possession. If the defendant, Wm. Frazier, was in the actual possession, claiming the land sought to be partitioned adversely to plaintiffs and his codefendants, partition cannot be maintained."

Appellant cites several cases to the effect that partition cannot be rendered in a cause where a party claims adversely to all those seeking partition, and that in such case the right to possession must be first determined by an action in ejectment. [Chamberlain v. Waples, 193 Mo. 96, and cases cited.] The above rule is based upon the proposition that in partition the court does not try title and right to possession, and further, upon the practical difficulty in enforcing a decree of partition against one in adverse, exclusive possession. Does this rule apply when the adverse outside claimant voluntarily comes into the partition suit as a party, sets up an equitable title to the land and prays an adjudication thereon, and prays for such other and further orders and decrees as to the court may seem proper? In this case the appellant asserted equitable ownership of the land, and asked a court of equity to decide between his rights

and those of the parties asking partition. The court
tried the issue thus presented, and decided it against
appellant, and adjudged the title and right to pos-
session to be in the claimants seeking partition. The
court, as a court of equity, took jurisdiction, as re-
quested by appellant, of the issue presented by him.
The general rule applicable to such a situation is this:
When a court of equity has acquired jurisdiction of
a cause for one purpose, it will proceed to do complete
justice between the parties, and determine all matters
in issue, even if this involves adjudicating matters of
law. [Dameron v. Jameson, 71 Mo. 97; Real Estate
Savings Inst. v. Collonious, 63 Mo. 290; Paris v.
Haley, 61 Mo. l. c. 462; Hagan v. Bank, 182 Mo. l. c.
342.]

This doctrine has been applied by this court in
modification of the rule above stated applicable to
partition. In Rozier v. Griffith, 31 Mo. 171, this court
said: "The fact that the defendant is in possession
of the premises, claiming to hold them adversely to
the plaintiff, is in general a sufficient ground for deny-
ing a partition in a court of law; but when the ques-
tion arises upon an equitable title set up by either
of the parties, the reason of the rule fails. When the
questions are such as belong to a court of equity,
there can be no reason for suspending the proceedings
short of complete justice between the parties. [Cox
v. Smith, 4 Ch. 275; Hosford v. Mervin, 5 Barb. 62.]"

In Dameron v. Jameson, supra, this court says:
"It is urged by defendant that partition will not lie
when defendant is in adverse possession of the prem-
ises, of which partition is asked. This doctrine, in
cases to which it is applicable, is well settled, but no
case can be found in our reports where the principle
was applied in a proceeding to establish an equitable
title, and also for partition. When the plaintiff asks
for partition, and the defendant is in the adverse
possession of the property, the courts refuse to par-

tition the land between them, until plaintiff establishes his title, and a suit in ejectment is the proper proceeding for that purpose; but where, as here, the plaintiff has an equitable title, and asks the aid of the court of equity to establish it, if the court ascertain that he has an interest, and what that interest is, the doctrine that partition cannot be had when the defendant is in the adverse possession of the premises, does not apply. The decree establishes plaintiff's title, and under it the court may put him in possession, and a suit in ejectment becomes necessary [*unnecessary*.] The court, having acquired jurisdiction of the cause, may proceed to determine the whole controversy by decreeing a partition of the premises. [Rozier v. Griffith, 31 Mo. 171.]''

To the same effect is Holloway v. Holloway, 97 Mo. l. c. 643-4.

Appellant invoked the judgment of the court upon his claim to equitable ownership of the land. The judgment decreed the title to be in the other parties, and that they were entitled to possession.

It is obvious that appellant's claim of title by adverse possession is without foundation. The deed to him from the administratrix of James M. Frazier conveyed only the life estate of Malinda Frazier, as that was the only estate conveyed to James M. Frazier by the deed from Malinda and William Frazier. Neither Malinda nor any grantee of her life estate could claim adversely to the remaindermen; hence, the statute could not begin to run in favor of appellant until the death of Malinda, in 1907. It follows that appellant, at the time of the institution of this suit, had neither title nor the right to possession. [Charles v. Pickens, 214 Mo. l. c. 215; Dugan v. Follett, 100 Ill. 589; Colvin v. Hauenstein, 110 Mo. 575; Scott v. Colson, 156 Ala. 450.] The court below, having acquired jurisdiction of all the issues in the cause, rendered judgment on this issue of adverse possession, and

decreed the title and right to possession to be in the collateral heirs of Malinda Frazier, parties to the partition suit. It thus became unnecessary to resort to ejectment to try the question of title by adverse possession. [Coberly v. Coberly, 189 Mo. 1.]

III.    Appellant, in his answer, alleged that he bought and paid for the land conveyed to his wife, Malinda, and that she held the title in trust for him. Evidence was introduced upon this issue by both sides. Upon the testimony, the court found against appellant. James Lee, the father of Malinda, conveyed forty acres to William Frazier, April 13, 1860. In May following, James Lee conveyed the forty acres in controversy to Malinda Frazier. The two tracts are adjoining, and together make the eighty acres which William Frazier and his wife occupied as a home, except during the interval from 1862 to 1866 when the eighty acres were in possession of James M. Frazier under deed from William and wife. Appellant claims that he bought the eighty acres at one time from James Lee. No explanation is given for the conveyance of one forty to his wife. One witness stated that he understood that the forty was given to her by her father for a home. The language of the deed to her "and to the heirs of her body" is consistent with this, and tends to negative the claim to a resulting trust. We deem it unnecessary to detail the oral testimony. It came from friends and neighbors, who testified, pro and con, to fragments of conversations, and to remarks by James Lee, Malinda and William Frazier, some of them as far back as fifty years. One witness, fifty-nine years old, testified to a conversation heard by him in 1859, before he was ten years old. The evidence at best is vague and fragmentary. It fails to measure up to the rule declared by this court in King v. Isley, 116 Mo. 155, where, speaking of the quantum of evidence

essential to establish a resulting trust, we say: " 'The rule in this court is settled by a uniform line of decisions that parol testimony, in order to accomplish such an object and secure such an end, must be clear, strong and unequivocal; so definite and positive as to leave no room for doubt in the mind of the chancellor as to the existence of such a trust.' [Allen v. Logan, 96 Mo. 591.] 'These resulting trusts must not be declared upon doubtful evidence, or even upon a mere preponderance of evidence. . . . There should be no room for a reasonable doubt as to the facts relied upon to establish the trust.' [Adams v. Burns, 96 Mo. 361.]"

We are not bound by the finding of the chancellor, but we may properly defer in some degree to his superior opportunity to weigh the testimony. Our views upon testimony of this character in such a case as this are expressed at length in Williams v. Keef, 241 Mo. 366, and need not be further extended here.

We think the judgment is sustained by the record. We find no reversible error. The judgment, therefore, is affirmed.

*Brown, P. J.,* and *Kennish, J.,* concur.