ARCHIE E. McQUITTY v. HOMER H. McQUITTY, FLAVIA RATCLIFF, L. S. JACOBS, H. T. REDD, Trustee, MINNIE N. ALLEMAN, E. L. THEE, METROPOLITAN LIFE INSURANCE CO., a Corporation, and C. C. NORTHCUTT, Trustee, THEE and JACOBS. Appellants.—61 S. W. (2d) 342.

Division One, June 12, 1933.

*Rubey M. Hulen, D. W. Shackleford* and *W. V. Draffen* for appellants.

*Harris, Price & Alexander, Russell E. Holloway* and *Bell & Bell* for respondent.

GANTT, J.—Action to partition ninety acres of land. In 1874 the land was conveyed to Annie O. McQuitty for life, with remainder to her bodily heirs. In 1885 she conveyed her interest to Wm. L. Lyman. At that time and by order of the probate court the curator of Harry, Montgomery and Virgil McQuitty, minor (and the then only) children of Annie O. McQuitty executed a deed of conveyance of the interests of the minor children to said Lyman. He

went into immediate possession of the land. Thereafter, by mesne conveyances, defendant Thee acquired and now holds Lyman's title to the east forty acres, and defendant Jacobs acquired and now holds Lyman's title to the west fifty acres of said land, and they were in actual possession of the land at the time of the trial. From 1885 to said time the successive possessors and owners of an interest in the land conveyed it by deeds and deeds of trusts purporting to convey full title.

Three children (plaintiff and the defendants, Homer H. McQuitty and Flavia Ratcliff) were born to Annie O. McQuitty after the conveyance of the life estate to Lyman and the delivery of the curator's deed. Annie O. McQuitty died in 1919. At that time the three last named children were over twenty-one years of age. They have never conveyed their interest in the land, and this suit was filed within ten years after the death of their mother.

In 1923 Thee executed a deed of trust purporting to convey full title to the east forty acres of the land, and Jacobs executed a deed of trust purporting to convey full title to the west fifty acres of the land.

Plaintiff and defendants McQuitty and Ratcliff seek partition of the land as cotenants of defendants Thee and Jacobs. The Metropolitan Life Insurance Company, H. T. Redd and Minnie L. Alleman are defendants because of deeds of trusts on parts of the land.

The answers of defendants Thee and Jacobs alleged title in said defendants by adverse possession since 1885 when Lyman first entered into possession under the deeds of the life tenant and the curator; alleged ouster of their cotenants (plaintiff and defendants McQuitty and Ratcliff) in 1905; alleged title in defendants Thee and Jacobs by adverse possession since 1905; alleged as equitable estoppel that said cotenants (plaintiff and defendants McQuitty and Ratcliff) received their shares of the original purchase price paid by Lyman for the lands and accepted same as and for their interests in said land; alleged that plaintiff and defendants McQuitty and Ratcliff are thereby estopped from asserting any interest in the land, and alleged said estoppel as a complete defense to plaintiff's and said defendants' claim of title as cotenants.

There was evidence tending to sustain the defense of adverse possession and the plea of equitable estoppel. There was also evidence to the contrary. The court found in favor of plaintiff and defendants McQuitty and Ratcliff on the issues of adverse possession and equitable estoppel. It also found that defendants Thee and Jacobs ousted their cotenants in 1923 by executing deeds of trusts purporting to convey full title to the land and found that plaintiff was not in possession of the land as cotenant at the time he instituted the suit. Even so, it decreed partition. Defendants

Thee and Jacobs appealed. They contend that plaintiff was not entitled to maintain the suit because he was neither in actual nor constructive possession of the land.

■ The rule is well established "that suits in partition brought under the statute and not equitable in their nature cannot be maintained when the defendant is in the adverse possession of the land involved, and plaintiffs in such cases will be remitted to their action of ejectment." [Barnard v. Keithley, 230 Mo. 209, l. c. 223, 130 S. W. 306.] In this connection defendants Thee and Jacobs admit that if this proceeding is in equity the court was authorized to order partition.

■ The answers of said defendants do not plead mere equitable estoppel. We so state because the answer of Jacobs prayed that plaintiff and defendants McQuitty and Ratcliff be adjudged to have no title as cotenants; that they be forever barred from asserting any right or interest in the land, and for such further judgments and decrees as the court deemed just and proper.

Thus it appears that the estoppel pleaded involved the title to land. The issue thus made was equitable in its nature and authorized the court to determine the whole controversy by decreeing partition. ■ [Rozier v. Griffith, 31 Mo. 171.] The rule is well stated by standard texts as follows:

"At common law estoppel is founded on deeds and judicial records, but in equity estoppel arises from matters *in pais*. At common law matter *in pais* was mere evidence. It is now, however, generally held that an equitable estoppel or estoppel *in pais* may be enforced in a court of law as well as in equity, though in some jurisdictions, and generally in states where the legal and equitable remedies are not blended, it is still the rule that title to land cannot be affected in a court of law by the assertion of an equitable estoppel and that in such cases resort must be had to a court of equity." [10 R. C. L. p. 841; 21 C. J. p. 1118.]

We have so ruled in Ming v. Olster, 195 Mo. 460, l. c. 472, 92 S. W. 898; Schneider v. Schneider, 284 Mo. 314, l. c. 322, 224 S. W. 1. The judgment should be affirmed. It is so ordered. All concur.