**Linda Sue GREEN, Plaintiff–Respondent,**

v.

**Laurel PEARSON and Virginia (Ginger) Pearson, Husband and Wife; Lowell Pearson and Brenda Pearson, Husband and Wife; Connie Pearson Boller and Rusty Boller, Wife and Husband, Defendants–Appellants.**

No. 20829.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 6, 1996.

Motion for Rehearing or Transfer Denied
Dec. 27, 1996.

Michael D. Holzknecht, Kansas City, for defendants-appellants.

Ronald F. Fisk, Nevada, for plaintiff-respondent.

SHRUM, Judge.

Plaintiff sued to partition farm real estate in which she claimed an interest as a tenant in common with Defendants. Defendants' answer denied that Plaintiff had any interest in the land and alleged that Plaintiff's petition failed to state a cause of action. Defendants' answer pled that Defendants were in possession of the farm, that "Plaintiff is not entitled to partition pursuant to Supreme Court Rule 96[,]" and that Plaintiff's suit was barred by certain statutes of limitation. Defendants also pled the affirmative defenses of laches and estoppel. In a counterclaim, Defendants asked that a full ownership interest to said real estate be "quieted in them[ ]" on the theory that they had acquired title as against Plaintiff by adverse possession. The trial court denied Defendants any relief on their counterclaim, determined that Plaintiff had a one-half ownership interest in the farm, found that Defendants owned the other one-half interest, and entered an interlocutory order that the real estate be partitioned in kind.

Defendants appeal.[1] We affirm.

Summarized briefly, the evidence showed that Plaintiff, who had lived in California for over thirty-five years, inherited a one-half interest in Hickory County farm real estate through her parents. The other one-half interest in the farm was inherited by Defendants through another branch of the Pearson family. No dispute exists about the fact that Defendants and their predecessors in title had lived on the farm or otherwise had used it since the late 1940's. Indeed, Plaintiff's petition contains this allegation: "Defendants, being in possession of said lands, make some claim, the exact nature of which is unknown to Plaintiff, disputing either Plaintiff's right of ownership and/or possession in said lands and preventing her enjoyment of the rights and benefits of her said interest in said lands." At trial, Plaintiff testified that she had never been in possession of the farm, rather that certain Defendants had always used the farm, lived on it, made improve-

---

1. Joyce Pearson was a defendant in this case but died after this appeal was taken. Upon the suggestion of her death and proof that she died intestate leaving Laurel Parson, Lowell Pearson and Connie Boller as her only heirs, this court ordered that the action proceed against the surviving defendants. See Rule 52.13(a)(2).

ments thereon, received the rents and profits therefrom, and paid the taxes. However, Plaintiff also testified that it was 1989 before Defendants ever made known to her that they were claiming a full ownership interest in the land, contemporaneously telling her to stay off the farm and refusing her request to enter onto the land.

With that as factual background, Defendants' single point on appeal maintains that the trial court committed reversible error when it ordered the land partitioned without requiring Plaintiff to first obtain an adjudication of her right to possession via an action in ejectment. They cite as authority a line of older cases which held that where a defendant is in adverse possession of land, claiming it exclusively against all others, a plaintiff who claims title but has been ousted from possession cannot maintain a suit for partition, and that in such a case the right to possession must first be determined by an action in ejectment before the partition action may be maintained. *See Price v. Gordon,* 347 Mo. 354, 147 S.W.2d 609, 612[3] (1941); *Keller v. Keller,* 338 Mo. 731, 92 S.W.2d 157, 164[14] (1936); *Hutson v. Hutson,* 139 Mo. 229, 40 S.W. 886, 887 (1897). We are not persuaded that the foregoing principle of law remains sound in light of the changes in pleading practice wrought by the Missouri Rules of Civil Procedure as promulgated by the Missouri Supreme Court under the authority granted that court by § 5 of Article V of the Constitution of Missouri, 1945. We need not decide that question, however, because the rule upon which Defendants rely has no applicability where, as here, Defendants affirmatively asked the trial court to decide their ownership interests and those of Plaintiff. As explained in *Waddle v. Frazier,* 245 Mo. 391, 151 S.W. 87 (Mo.1912):

" 'The fact that the defendant is in possession of the premises, claiming to hold them adversely to the plaintiff, is, in general, a sufficient ground for denying a partition in a court of law; but when the question arises upon an equitable title set up by either of the parties the reason of the rule fails. When the questions are such as belong to a court of equity, there can be no reason for suspending the proceedings

short of complete justice between the parties....' "

*Id.* 151 S.W. at 90 (quoting *Rozier v. Griffith,* 31 Mo. 171 (1860)). *See also McQuitty v. McQuitty,* 332 Mo. 1057, 61 S.W.2d 342, 343[2] (1933).

Here, Defendants set up equitable claims to the entire title and also asserted title by adverse possession. The trial court had all issues before it. The decree established Plaintiff's title to a one-half interest in the farm, thereby implicitly rejecting any claim by Defendants that they were entitled to exclusive possession and making a suit in ejectment unnecessary. *Waddle,* 151 S.W. at 90. The trial court had authority to determine the whole controversy by ascertaining the respective ownership rights to the real estate and ordering partition thereof. Defendants' arguments to the contrary lack merit. Defendants' single point relied on is denied.

This court affirms the judgment of the trial court.

PARRISH, J., and MONTGOMERY, C.J., concur.