### Geraldine GREEN, Appellant,

v.

### Wayne TULLOCK, et al., Respondents.

### No. ED 84566.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 25, 2005.

Application for Transfer to Supreme Court Denied March 23, 2005.

Douglas R. Smith, O'Fallon, MO, for appellant.

Before CLIFFORD H. AHRENS, P.J., GLENN A. NORTON, J., and NANNETTE A. BAKER, J.

PER CURIAM.

In this court-tried case, the plaintiff, Geraldine Green ("plaintiff"), appeals from a judgment of the Circuit Court of Lincoln County, Missouri in favor of defendants, Wayne Tullock ("decedent") and Darrell Tullock. Plaintiff's petition sought to set aside a deed to certain real estate, claiming she agreed to lease the real estate with an option to purchase, rather than to sell

it, and that the deed was void because it was signed without the legal description included. Plaintiff further claimed that defendants fraudulently misrepresented the nature of the transaction. Defendants counterclaimed for damages for rents from the real estate retained by plaintiff.[1] The trial court bifurcated trial of the equity and legal issues. On April 2, 2003, after hearing on the equitable issues, the court denied plaintiff's action to set aside the deed. On March 29, 2004, after trial of the legal issues the court granted judgment: for plaintiff against defendants in the amount of $1523.76; in favor of defendants and against plaintiff in the amount of $10,272.00; and specifically found that decedent is responsible for the mortgage lien against the property and should hold plaintiff harmless therefrom. We dismiss in part and affirm in part.

We first address plaintiff's motion for substitution of parties on appeal. The attorney for decedent filed a suggestion of death informing this Court that decedent had died. Ninety days passed and no party or successor or representative of the decedent made a motion for substitution of a proper party under Rule 52.13(a)(1). This Court issued its order directing plaintiff to show cause why the appeal should not be dismissed as to decedent. Plaintiff filed a response to our order, along with a motion to substitute decedent's wife, Marlene Tullock, for decedent.

Plaintiff asserts she believed she could proceed with the appeal without substitution of a party as set forth in Rule 52.13(a)(2), which permits an action to proceed with only a suggestion of death on the record, if the right sought to be enforced survives only against the surviving defendants. However, the trial court's judg-

---

1. Alternatively, in the event the court set aside the quitclaim deed, defendants sought specific performance of the agreement to sell real estate.

ment in this case included an award of money damages, and in addition found that decedent was responsible for the mortgage lien against the property and should hold plaintiff harmless therefrom. This is not the type of case in which the right sought to be enforced survives only against the surviving defendants. *See, e.g., Green v. Pearson,* 937 S.W.2d 743 (Mo.App.1996); *Hancock v. McRoberts,* 798 S.W.2d 179 (Mo.App.1990); *Gerken v. Epps,* 783 S.W.2d 157 (Mo.App.1990). Moreover, "unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice." Rule 52.13(a)(1). Here, the motion for substitution was filed more than 90 days after the suggestion of death was filed. Plaintiff's motion for substitution is denied, and the appeal is dismissed without prejudice as to decedent, Wayne Tullock.

We turn to the merits of plaintiff's appeal as to the remaining defendant, Darrell Tullock. We have reviewed the plaintiff's brief and the record on appeal and find no error of law.[2] No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b).

---

**2.** Darrell Tullock did not favor this Court with a brief.